WRIGHT, J.
delivered the opinion of the court. The plaintiff, in 1S23, brought suit before the Superior Court of Georgia, against ;Smith and Turner. Smith being arrested on the jtrocess, entered with the present defendant, Lawrence, into a bail-bond to the ■sheriff, in the penal sum of $480, payable to him, his attorney, successors, or assigns, and conditioned for Smith’s appearance to the suit. This was done under an act of the legislature of Georgia, by which bail in apj>earance bonds, given to the sheriff, are declared to "be deemed and held as special bail, and as such, made liable to the recovery of the plaintiff. By the provisions of the act of Georgia, the plaintiff can only proceed against the bail after final judgment is obtained against the principal debtor, and a ca. sa. has issued against him, which has been returned not found. This done, the •creditor is authorized to proceed by sci. fa. against the bail, giving him at least twenty days between the teste and return day of the writ. If the writ is served on the bail, judgment may be had against him, at the first term, unless upon good cause shown, he -obtain further time; and the bail may discharge himself at any time before final judgment against him upon the sci. fa. by surrendering the principal debtor, in open court, or to the sheriff of the county where he resides in vacation, or by proving to the court that said *184 debtor is confined in jail in any county in the state, on civil process. When judgment is had upon the sci. fa. the creditor may thereafter have execution, either against the original and the bail jointly, or against either respectively. On the 12th January, 1824, the plaintiff recovered judgment upon a default against Smith, one of the original defendants, for $420, with interest from the first of Febrnaiy, 182] *1823, and costs. Upon this judgment, a ca. sa. was delivered to the sheriff the 18th February, 1824, which -was endorsed-in the sheriff’s office the 2d February, 1830,. that Smith was not found in that county. The laws of Georgia declare that executions-shall be of full force until satisfied, without renewal on the court roll, or the revival of the judgment on which they issue.
The foregoing facts are disclosed in the declaration, which also-sets out the laws of Georgia, and claims to recover of the defendant as bail the amount of the judgment, interest and costs. No assignment of the bond is alleged, and there is no averment that a sci. fa. was issued in Georgia. The defendant demurs generally, which is-joined.
1. The first point made for the demurrant is, that suit cannot be maintained by the present plaintiff, upon the bond, because it was given to the sheriff, and, without assignment from him, must- be-prosecuted in the name of the obligee, like other common law bonds.
The counsel for the demurrant contend that this suit is to be governed by common law principles, but if, in the opinion of the-court, the laws of Georgia affect the contract, then they insist that these laws do not authorize the plaintiff in the original suit to bring suit in his own, name,-against the bail, uox per se, effect a transfer of' the bond; these laws only impart to the bond the effect of special bail. It is contended, on the other side, that the Georgia laws transfer the legal interest in the bond given to the sheriff, to the creditor, and vest in him alone the right to sue, and that consequently he must sue in his own name. It is further contended, that although the remedy, if pursued in Georgia, would be by sci. fa., yet, as the bail has removed from the state, and domiciliated himself in Ohio, the creditor may pursue him here by the common action of debt, as otherwise he might be remediless.
At common law, the legal interest in an express contract, under seal (like the on.e .declared on), resides in him to whom it is given,, who is named as the obligee, and he alone has the legal right to enforce it by suit; and, as to such contracts, this is true, notwithstanding they maybe for another’s benefit; Ham. Parties to Actions, 14, 108; 13 East. 514. The legal interest and the right to sue, may, by *185 legislative sanction, be transferred to another by assignment of the •obligee, as is provided in England by the fourth and fifth Anne, as to bail bonds, and eleven George II. as to replevin bonds. In Ohio, such assignment vests the legal interest in the obligation in the assignee, and confers upon him the power to sue in his own name, as in the case of bail-bonds (29 O. L. 62), and *also in the case [183 of all money bonds, payable to order or to bearer; 29 O. L. 217. There are cases, also, where such legal transfer is effected by mere operation of late, without assignment, as in covenants running with land, or relating to a particular subject, the right of action upon which follows the subject of the covenants into the hands of the legal holder of the land, and he may sue without an assignment; Ham on Parties to Actions, 4, 121. If, therefore, this is a suit at common law, the plaintiff shows no title or legal interest in himself, either as obligee or assignee. The assignment is a part of the title which it is incumbent upon a plaintiff to set forth; McMurphy and Campbell, 1 O. 259. The statutes of Ohio do not aid him; they require assignments or endorsements. If, then, the plaintiff has the legal right to sue on the bond in question, he must derive his right from the laws ol' Georgia.
Do these laws confer upon a plaintiff, in an action where special bail is given for his benefit to the sheriff, power to bring an action of debt upon the bond, and to bring it in his own name, without an assignment of the bond ? They require sheriffs to take bonds, but they do not prescribe who shall be the obligee. These bonds are to be returned by the sheriff, and thenceforth the bail is deemed special bail, and as such, held liable to the recovery of the plaintiff. We are not advised of the practice in Georgia, under these laws, nor of the mode of taking such bonds, except by the form of the present one. If, to be deemed special bail, analogy, as well as convenience, would seem to require the bond to be taken to the plaintiffs in the suit; as, from the nature of the proceedings, the bond appears to be solely for his benefit. No proceeding is authorized against the sheriff, to compel the production of the body of the debtor, as in •cases of assurance bail; but rhe sheriff and his surety are held accountable, if no bail be taken, or that which is insufficient be taken, provided exceptions are made when the bail is returned. Special bail is acknowledged directly to the plaintiff in the suit, not to the officer, as appearance bail, taken for his own security, is. But, suppose that, under the Georgia law, these bonds might be taken either to the plaintiff, or to the sheriff (and we incline to think either would be within the spirit of the laws), how would that affect the *186 question under consideration? If the bond have legal efficacy in Georgia, it will be enforced in this state, and the laws of Georgia will be regarded as if they entered into the contract, or were fully written out in it. Those laws speak of no liability resulting from these bonds,' except to execution, after judgment, upon a sci. fa. If the statutory remedy be the one relied upon, it must be followed. 184] *The statutes do not authorize the action of debt, in the first instance; they provide only for proceeeding to execution by scire facias, the foundation of which is a record. The counsel for the-plaintiff concede that the laws of the country where the contract is made are incident to it; and it is probable (though we do not decide that point) that a person having the legal interest in a bond, executed according to the laws of the country where made, might sustain suit on it in his individual name in our courts, if he could do-so in the country of the contract, though in contracts to be executed within our jurisdiction, the concurrence of other circumstances-would be requisite to vest such right to sue ; Ham. Parties to Actions, 101; 3 Day 311. But, in general, where the title to recover is derived in that way, the case must be made out by averments in the declaration. There is no averment of the kind in this-declaration. It sets out the law of Georgia, but counts on the instrument as a bond, and makes profert of it as such. The plaintiff, therefore, vests his recovery upon a common law right on the bondr and relies upon the statute of Georgia to effect a transfer of the legal-interest from the obligee named in the contract to himself, without the assignment, or other act, of the obligee. Here a difficulty arises. The declaration, and the act of Georgia, show that the speciality declared upon as the foundation of the action, is a part of the proceedings and record in the original suit. On this, a scirefacias may issue. Is not the bond merged in the record, and no longer in existence as a bond? In Champion v. Noyes, 2 Mass. 471, it was so held. The same court in 10 Pide. 52, held that a bond made in Maryland, which was there assignable, could only be sued in Massachusetts in the name of the obligee.
2. The second point made is, that this suit is against special bail entered in Georgia, brought to fix the bail, arid no court except the court in Georgia where the record is, has jurisdiction, because no-other court can give the equitable relief provided in such eases. The English statute of Anne authorizes the assignment of bail bonds, and the assignee to sue in his own name, and it empowers the court where the action is brought, to give to the plaintiff and defendant in the original action, and to the bail, summary relief, agreeable to justice *187 and reason; 1 Bac. Ab. 207. Under this statute the law is held as settled in England since the year 1758, both in the Common Pleas and King’s Bench, that the action upon the bail bond must be brought in the court where the bail was given, that being the only court authorized to give summary relief agreeable to justice; Chesterton v. Middlehurst, 1 Bur. 642; Walton v. Bent, 3 Bur. 1923; Morris *v. Reese, 3 Wils. 348; Dixon v. Heslep, et al. 6 T. R. 365; [185 Donally v. Bordus, 8 T. R. 152; Wright v. Walmsley, 2 Camp. 396.
The law of New York, 24 sess. ch. 186, requires the scire facias on a recognizance against bail to be served personally, unless the bail shall have removed out of the state. The Supreme Court in that state in construing this statute, hold, in accordance with the English decisions upon bail bonds, that the suit against bail must be brought in the same court where the bail was entered. They say “ each court has its own rules of practice and proceedings against bail, and it would be inconvenient for this court to be inquiring into the rules and practice of the different Courts of Common Pleas, Burtus v. M' Carty et al. 13 John. 424; yet under the same statute the same court has sustained suit, where the bail had removed out of the county where he entered bail, upon the ground that the act required personal service- upon the bail, and if the suit was not sustained, the creditor would be without remedy. Davis v. Gillett, 7 John. 318; Howell v. Bates & Lansing, 9 John 80; Gardener v. Burham & Olcott, 12 John. 459. In the last class of cases the court granted the same summary relief that would have been granted in the court where the bail was entered.
The sheriff, in Massachusetts, is authorized to take and return bail, which is considered part of the record. ■ Upon this the plaintiff, after final judgment, and non est returned upon a ca. sa. is authorized to sue out a scire facias in his own name against the bail. The statute in that commonwealth provides, that no scire facias shall be served upon the bail, unless within one year from the rendition of the judgment against the principal. Under this act, the courts in that state hold bail discharged, if no sci.fa. is issued and served within a year. Champion v. Noyes, 2 Mass. 481; Stephens v. Bigelow, 12 Mass. 434; Rice et al. v. Carns, 8 Mass. 490; Swet, et al. v. Sullivan, 7 Mass. 342.
In North Carolina it is holden, that debt does not lie on a bail bond. The proceedings there must be by scire facias. Hunter v. Hill, 2 Hayward, 223. Two nihils returned are there held good service of such writ. Woodfolk v. Broomfield, 1 Murphy, 187.
In South Carolina, under their act of 1789, parties are allowed to *188 proceed upon bail bonds by sci fa. yet their courts hold that tbe remedy in debt on tbe bond is not taken away by this act. Quertimus v. Hawkins, 1 Nott & Mc C. 322.
186] *In Ohio, the statute (29 O. L. 63) provides, that proceedings on bail bonds may be defeated, when a trial has not been lost, by entering special bail, paying costs, and taking short notice of trial; and where a trial has been lost, the proceedings may be stayed in order that a trial may be had in the original action. In like manner, special bail may exonerate themselves, by surrendering their principal before the court, or a single judge, at or before the appearance day of the first scire facias, against the bail returned “scire feci,” or tbe second returned “nihil,” or the capias, or summons in debt on the recognizance returned “served,” but not after; 29 O. L. 63. In general, bail is only to be fixed in the court where it is entered; for, to such court only can the bail look to secure his interest. But we are not advised that tbe question has ever been made in our courts, whether suits upon bail-bonds, or recognizances of special bail, can be sustained in any other court than that in which tbe bail was entered.
The nature, construction, and legal effects of contracts, are to be determined by the laws of the place where they are made; but the .mode of redress must be according to the laws of the country where redress is sought. Every country administers justice under the solemnity of its own forms, and has modes of redress and judicial proceedings peculiar to its own jurisprudence; Lodge v. Phelps, 1 John. Cases, 139; Nash v. Tappan, 1 Caines 411; Ransdyke v. Clark, 1 Gal. 376. The counsel for the plaintiff contend that the laws of Georgia govern the validity, effect, and construction of this contract, and that under those laws, the only remedy for the plaintiff on this contract is by scire facias. In this we concur with him in opinion. Suppose, then, the law^s of Georgia relied upon, were inserted at full length in the condition of the bond given by the defendant (and that is a fair way of considering the question), what would be the legal undertaking of the defendant, independent of the remedy? It would be, that if judgment was had against the original debtor, and execution had issued thereon, which was returned that he was not to be found; and a scire facias had issued against the defendant, and was served upon him at least twenty days before its return day, that he would cause the debtor to be surrendered to the court where the suit was brought, or to the sheriff of some county in Georgia where the debtor resided; or, that he would proveto the court that the debtor was confined in some county *189 in that state, on eivil'process; and that if he should fail todo either, and the debt was not otherwise satisfied, then judgment might be *had against him for the amount, with costs. Such would be [187 the contract.
It is a well settled rule, that sureties are only held according to .the strict terms of their contracts. In this case, the undertaking of the defendant is that of a surety. Does the plaintiff show that he has done what, by the terms of the contract, he was bound to do, before he resorted to the defendant? He was to obtain judgment against his debtor, and to issue an execution thereon against his body, and have a return by the officer, that he was not to be found. So far, he has complied with the contract. He was, moreover, to issue a scire facias against the defendant, and give him at least twenty days between its service and return, to surrender his principal, or procure proof that he was already in the custody of the law, in Georgia. This he has not done. Might he not, with the same legal propriety, dispense with the other conditions of the contract, as with these, and leave it a single obligation, without condition? We think he might. But it is said, the scire facias in this case would be nugatory, and has been made so by the defendant’s own act, in removing beyond the jurisdiction of the Georgia courts. Two answers to this may be given from the record; first, that the case made does not show that the defendant has removed from Georgia;'and second, that such removal, if it has taken place, is no violation of the contract. The contract contains no stipulation by the bail that he will not remove from the state; and it does not seem to follow, ex necessitate rei, that such removal would render a scire facias of no benefit to the defendant, and should, therefore, be dispensed with, because his own act had placed it out of the power of the plaintiff, either to perform his contract in that particular, or to make the writ available to himself, or useful to the defendant. For aught that appears, the defendant may have provided agents to surrender the principal debtor, or make proof of his imprisonment, according to the Georgia law; or he may have confided in the debtor to surrender himself, or pay the judgment, when proceedings were instituted in Georgia according to the laws of that state. To allow the prosecution and judgment, without affording to the security opportunity of doing that which, by the terms of the contract, he has the privilege of doing, to exonerate himself, would be to deprive him of every condition in the contract for his advantage, and hold him accountable upon every stipulation in it against him. The law set forth in the declaration is, that the plaintiff shall not *190 have execution against the bail, until after judgment and execution against the principal, and scire facias against the bail, served at least 188] ^twenty days before its return, and judgment thereon; after which, execution may issue against the principal, and the bail, or either. If the plaintiff’s construction obtain, and he have judgment here, he will have execution before the scire facias, and judgment, notwithstanding this express provision of the law of the contract, which is admitted to be'a part of it. But it is said that Georgia law requires personal service of the scire facias, and the defendant’s being out of the State of Georgia, has prevented the plaintiff from having that remedy. If this be true, though it is a point we do not feel called upon to decide, it is a sufficient answer, that if the law of the contract be so, the plaintiff, who is a party to it, and seeks redress for its infraction by the defendant, is not thereby excused from showing a breach of the contract. If such be the contract, both parties are bound by it. Courts give redress for the violation of contracts which have been entered into by parties; they have no power to malee new contracts for parties. This is a contract of indemnity by bail, in which it is stipulated that the bail shall be fixed, and the contract become absolute upon the happening of certain events, and not before. The inquiry is, have these events happened ? If not, there is no cause of action. It is essential to the title of the plaintiff, that he show the happening of the events upon which his right to recover depends. -A defect of title is fatal on demurrer; Cincinnati Water Co. v. City of Cincinnati, 4 O. 446; 13 East. 112; 1 Ch. Pl. 215.
We do not touch the question, whether the sci. fa. in Georgia can be otherwise served on the bail, than by reading, or the delivery of a copy. At common law, neither the presence of the defendant, nor his residence within the jurisdiction of the court, was essential to the service of a scire facias. Upon the principle that parties subject to that writ were privy to the record, two writs returned nihil, are, at common law, held equal to service; and to confer power to consider the defendant in court, subject to a judgment. Whether this is admissible under the Georgia law or practice, we do not know, and do not decide. But if, by the laws of that state, special bail can avoid their responsibility, by removing beyond its limits, so that the necessary process cannot be served upon them, the remedy for the evil must be sought in their legislative or judicial tribunals, not in ours.
Upon the whole, then, if the plaintiff rests his action upon the laws of Georgia, as a part of his contract, he has no right to *191 recover, because he does not show that he has complied with their requisitions. And, if he rests his action upon the eom*monlaw, as applicable to the bond, he is in no better sitúa- [189 tion, because he shows the legal interest in the bond to be in another.
Judgment for the defendant.