## Stadtfeld *versus* Huntsman & Co.

1. C. purchased from H. & Co. certain furniture, for a stipulated price, and the articles were charged upon the books of H. & Co. The delivery, however, was made upon an agreement, signed by C., to pay "not less than $5 for each succeeding week, until the above amount (the price of the articles) is paid; the goods above enumerated to be and remain the property of H. & Co., subject to removal by them or their order upon any failure to make any or all of the above payments." C. having received the furniture under this agreement placed it in his house and failed to make any of the stipulated payments, and finally sold it to S., without notice of the agreement. H. & Co. brought replevin against S., and the court below held that the defendant took no title and that plaintiffs could recover. *Held*, that this was error; that the transaction between H. & Co. and C. was not a bailment but a sale.

November 5th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county*: Of October and November Term 1879, No. 136.

Replevin by D. W. Huntsman & Co. against Moritz Stadtfeld for certain household goods.

Huntsman & Co. are engaged in the furniture business in the city of Allegheny, Pa. On October 29th 1877, O. B. Carpenter came to their store for the purpose of purchasing furniture. He selected such furniture as he desired, and it was charged to him upon the books of Huntsman & Co., and under said charge was entered the following agreement:

"The above goods are received by the undersigned, Otis B. Carpenter, upon the following conditions, to wit: I hereby agree to pay not less than $5 for each succeeding week until the above amount is paid; the goods above enumerated to be and remain the property of D. W. Huntsman & Co., subject to removal by them or their order, upon my failure to make any or all of the above payments.

Signed, O. B. CARPENTER.

"Witness, M. McFADDEN."

On the same day Huntsman & Co. delivered the goods to said Carpenter, at his house on Fourth avenue, Pittsburgh.

Subsequently Carpenter went to Stadtfeld, who is a dealer in furniture in Pittsburgh, and stated he had some furniture he desired to sell. The furniture was at the house of Carpenter, and after examining it Stadtfeld purchased it, and had it removed to his place of business on Fifth avenue in Pittsburgh. He had no notice of the agreement of Carpenter with Huntsman & Co. under which the furniture was purchased. On November 15th 1877, Huntsman & Co. issued this writ of replevin, and replevied part of the furniture in possession of Stadtfeld at his place of business.

[Stadtfeld *v.* Huntsman & Co.]

The case was tried before Stowe, P. J., and a jury, which returned a verdict for plaintiffs for $50, subject to the opinion of the court as to whether the defendant, a bona fide purchaser for value, without notice, was affected by the agreement of sale between the plaintiffs and O. B. Carpenter.

The court, in an opinion, after referring to the above agreement, said:

" Without the money or any of it being paid by Carpenter, the defendant purchased the same of him bona fide, and for value, and without any notice of the said agreement. The question reserved is whether, under such facts, the plaintiffs are entitled to recover in this suit. We think under the principle of Enlow *v.* Klein, 29 P. F. Smith 488, and many other cases cited in Benjamin on Sales 274, and note, they certainly are, and therefore order that judgment be entered upon the reserved question for the amount of the verdict, on payment of verdict fee."

This action of the court was assigned for error by the defendant, who took this writ.

*Duff & Alcorn*, for plaintiff in error.—The delivery of the goods by Huntsman & Co. to defendant was a conditional sale. Where delivery of exclusive possession of goods accompanies an absolute or conditional sale, a reservation of lien or right of property in the vendor will not protect the property from the vendee's creditors: Euwer, Assignee in Bankruptcy, &c., *v.* Van Giesen et al., Pitts. Leg. Jour. (July 9th 1879); Martin *v.* Mathiot, 14 S. & R. 215; Mitchel *v.* Commonwealth, 1 Wright 187; Rose *v.* Story, 1 Barr 190; Jenkins *v.* Eichelberger, 4 Watts 121; Waldron *v.* Haupt, 2 P. F. Smith 408; Heppe *v.* Speakman, 7 Phila. R. 117; Farrell *v.* Nathans, 1 Id. 557; Lehigh Co. *v.* Field, 8 W. & S. 241; Henkles *v.* Brown, 4 Phila. R. 299; Haak *v.* Linderman & Skeer, 14 P. F. Smith 499; Becker *v.* Smith, 9 Id. 469; Welsh *v.* Bell, 8 Casey 12; Wait *v.* Green, 36 N. Y. 556; Smith *v.* Lynes, 1 Selden (N. Y.) 42; Murch *v.* Wright, 46 Ill. 487. Enlow *v.* Klein, 29 P. F. Smith 488, is distinguishable from this case.

*Kennedy & Doty*, for defendants in error.—The evidence was uncontradicted that the written agreement embodied the terms and conditions upon which the goods were delivered. This was for the court to interpret, and it was rightly held to be a bailment and not a conditional sale: Enlow *v.* Klein, *supra*; Rose *v.* Story, 1 Barr 190; Clark *v.* Jack, 7 Watts 375; Myers *v.* Harvey, 2 P. & W. 481; Lehigh Company *v.* Field, 8 W. & S. 232; Chamberlain *v.* Smith, 8 Wright 431; Rowe *v.* Sharp, 1 P. F. Smith 26; Becker *v.* Smith, 9 Id. 469; Henry *v.* Patterson, 7 Id. 346; Crist *v.* Kleber, 29 Id. 290; Sterling *v.* Goodrich, 23 Pitts. Leg. Jour. 174.

[Stadtfeld v. Huntsman & Co.]

Mr. Justice PAXSON delivered the opinion of the court, January 5th 1880.

It has long been an established rule in Pennsylvania, that a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase-money is paid, is fraudulent and void as to the creditors of the vendee, and innocent purchasers. Yet there are exceptions to the rule that possession must accompany the ownership of chattels. It was said by TILGHMAN, C. J., in Martin v. Mathiot, 14 S. & R. 214, that "There are certain necessary and lawful contracts by which the owner parts with the possession, and yet fraud cannot be presumed. Such are the contracts of lending and hiring, both very useful, and without which society could not well exist. It is of the essence of these, that the owner should give up the possession for a time." Various devices have been resorted to at times to evade the above rule, but it is believed in the long line of cases upon this subject it has not been substantially departed from. There have been numerous cases of bailment, some of them perhaps very close upon the border, where no present contract of sale is made, that have been excepted from the operation of the rule. Any apparent conflict between decided cases is doubtless owing to the difficulty of applying the principle referred to, to the facts of a particular case.

The transaction between the plaintiffs below and O. B. Carpenter, was not a bailment either in form or substance. It was not a lending of the goods, nor was it a contract of hiring. It was a sale of the furniture for a stipulated sum or price, and was so charged upon plaintiffs' books. The delivery, however, was made upon an agreement signed by Carpenter to pay "not less than five dollars for each succeeding week, until the above amount ($113.75, the price of the articles) is paid; the goods above enumerated to be and remain the property of D. W. Huntsman & Co., subject to removal by them or their order, upon any failure to make any or all of the above payments." The purchaser having received the furniture under this agreement, placed it in his house, and failed to make any of the stipulated payments; and finally sold it to the defendant below, who took it without notice of the agreement. The court below held under the authority of Enlow v. Klein, 29 P. F. Smith 488, that the defendant took no title, and the plaintiffs were entitled to recover.

A number of authorities were cited as sustaining the ruling of the court. A brief reference to them may not be out of place. Clark v. Jack, 7 Watts 375, was a loan of personal property, subject to be turned into a sale at a future time upon compliance with certain conditions. It was said by the court: "Properly speaking, there was not a sale, but a contract to sell at a future day, and the delivery in the meantime was a loan subject to be turned into a sale by compliance with certain conditions." Myers v. Har-

[Stadtfeld *v.* Huntsman & Co.]

vey, 2 P. & W. 478, was a clear case of bailment. The personal property in question had been purchased at a sheriff's sale and left in the possession of the defendant, under a lease from the purchaser. In Lehigh Company *v.* Field, 8 W. & S. 232, there was merely an agreement for a future sale. There was no present sale between the parties; the boatmen were the servants of the company; the boats in question remained in the ostensible ownership of the company; they retained their places on the company's register and were not distinguishable from their other boats; the men had merely the privilege of buying them at a future time when a bill of sale was to be made therefor. Rose *v.* Story, 1 Barr 190. ·is an authority so strongly the other way, that we need not discuss it. No fault is found with the principle cited therefrom, that "where, by the terms of the contract, the vendee receives a chattel to keep for a certain time, and then to become the owner of it, if he has paid the stipulated price, otherwise to pay for its use, he receives it as bailee, and the property is not changed until the price is paid." This principle does not apply here, for we have no such facts. Rowe *v.* Sharp, 1 P. F. Smith 26, was a bailment. Sharp by writing let to Goff two billiard tables for nine months, Goff to use them at his place of business; pay a certain sum for their use, and at the end of the term to re-deliver them; and if then Goff had complied with the covenants of the agreement, Sharp was to make him a bill of sale of the tables, the consideration for which was to be the sum paid for their use. This was held to be a bailment for the use of the tables, with provision for sale in case of payment of the price. In Chamberlain *v.* Smith, 8 Wright 431, there was a contract by which a yoke of oxen was delivered to a hirer, " to keep and work in a reasonable farmer-like manner for the term of one year; said cattle to be returned in one year. But the said McWharter (the hirer) has the privilege, by paying $40 and legal interest at the expiration of the year, to keep said cattle." Mr. Justice STRONG who delivered the opinion of the court, in speaking of this contract said: "It was a bailment, not a sale; a bailment with a refusal of the cattle for a stipulated time. The bailee received them to keep and use. He engaged to keep and use them in a reasonable farmer-like manner, and to return them at the end of the year. All this looks to a contract of hire and nothing else. Then follows the provision, that if the bailee would pay a definite sum at the end of the period for which the cattle were let, they should be his, but without any obligation on his part to buy them. No doubt a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor, until the purchase-money is paid, enables creditors of the vendee to seize and sell it for the payment of his debts." Henry *v.* Patterson, 7 P. F. Smith 346, was a case of bailment, as was also Becker *v.* Smith, 9 Id. 469. Enlow *v.* Klein, 29 P. F. Smith 488,

[Stadtfeld v. Huntsman & Co.]

relied upon by the court below, and the last of this series of cases, is an admittedly close case, and comes nearer sustaining the contention of the plaintiffs than any of those commented upon. . Yet we regard it as rightly decided and easily distinguishable from the one in hand. An examination of the facts shows, that it was a case of hiring; that $2 per week of the sum to be paid, was for the *use* or hire of the horses. This clearly appears in the report of the facts, and is also referred to in the opinion of our lamented brother WOOD-WARD. This was an important feature of the case in our consultation, and is referred to now, that it may not be misunderstood hereafter. Enlow v. Klein was justified by the authorities, and we do not propose to disturb it. But we will not take one step beyond it. We stop just where it ends.

The force of the argument for the plaintiff was spent in showing that a case of bailment is not within the rule laid down for conditional sales. The principle is conceded, but it has failed in showing the existence of a bailment. On the contrary it was a sale, and comes directly within the ruling of Clow v. Woods, 5 S. & R. 275; Babb v. Clemson, 10 Id. 419; Martin v. Mathiot, 14 Id. 214; Jenkins v. Eichelberger, 4 Watts 121; Rose v. Story, 1 Barr 190; Mitchell v. Commonwealth to use, 1 Wright 187; Waldron v. Haupt, 2 P. F. Smith 408; Haak v. Lindermann, 14 P. F. Smith 499, and similar cases.

The judgment is reversed and judgment *non obstante veredicto* for the defendant upon the reserved point.