*Geo. H. Grey* and *T. A. Green*, attorneys for plaintiff.
*H. M. & Willard Teller*, attorneys for defendants.

## STADTFELD *v.* HUNTSMAN *et al.*

*(Supreme Court Pennsylvania, Legal Intel., Oct. 22, 1880.)*

A BAILMENT of lending or hiring is not within the rule requiring possession to accompany ownership in chattels.

A DELIVERY OF CHATTELS to a vendee, with the price thereof charged to him on the books of the vendors, under an agreement that the said price should be paid in certain installments, and that until paid for the goods shall remain the property of the vendors, subject to their removal, is not a bailment but a present sale; and a *bona fide* purchaser for value, without notice from said vendee, takes title to the goods as against the original vendors. *Enlow* v. *Klein*, 29 P. F. Smith, 488, distinguished.

Replevin by Huntsman *et al* against Stadtfeldt, for household furniture. The plaintiffs were furniture dealers, and delivered the furniture in question on October 29th, 1877, to one O. B. Carpenter, charging him upon their books with the items and prices of the same, and under said charge was entered the following agreement:

"The above goods are received by the undersigned, Otis B. Carpenter, upon the following conditions, to wit: I hereby agree to pay not less than five dollars for each succeeding week until the above amount is paid; the goods above enumerated to be and

remain the property of D. W. Huntsman & Co., subject to removal by them or their order, upon my failure to make any or all of the above payments.

Signed,        O. B. CARPENTER."

Carpenter failed to meet his payments, and he subsequently sold and delivered the said furniture to the defendant below, Stadtfeld, who purchased *bona fide* for value, and without notice of the foregoing agreement. The jury found for plaintiffs, subject to the opinion of the court upon these facts. Judgment was entered for plaintiffs upon the point reserved.

PAXSON, J. It has long been an established rule in Pennsylvania that a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase money is paid, is fraudulent and void as to the creditors of the vendee and innocent purchasers. Yet there are exceptions to the rule that possession must accompany the ownership of chattels. It was said by Tilghman, C. J., in *Martin* v. *Mathiot*, 14 S. & R., 214, that "there are certain necessary and lawful contracts by which the owner parts with the possession, and yet fraud cannot be presumed. Such are the contracts of lending and hiring, both very useful, and without which society could not exist. It is of the essence of these that the owner should give up the possession for a time." Various devices have been resorted to at times to evade the above rule, but it is believed, in the long line of cases upon this subject, it has not been substantially departed from. There have been numerous cases of bailment, some of them perhaps very close upon the border, where no present contract of sale is made, that have been excepted from the operation of the rule. Any apparent conflict between decided cases is doubtless owing to the difficulty of applying the principle referred to, to the facts of a particular case.

The transaction between the plaintiffs below and O. B. Carpenter was not a bailment either in form or substance. It was not a lending of the goods, nor was it a contract of hiring. It was a sale of the furniture for a stipulated sum or price, and was so charged upon the plaintiffs' books. The delivery, however, was made upon an agreement signed by Carpenter to pay "not less than five dollars for each succeeding week until the above amount ($113.75,

the price of the articles), is paid, the goods above enumerated to be and remain the property of D. W. Huntsman & Co., subject to removal by them or their order, upon any failure to make any or all of the above payments." The purchaser having received the furniture under this agreement, placed it in his house, and failed to make any of the stipulated payments, and finally sold it to the defendant below, who took it without notice of the agreement. The court below held, under the authority of *Enlow* v. *Klein*, 29 P. F. S., 488, that the defendant took no title, and the plaintiffs were entitled to recover.

A number of authorities were cited as sustaining the ruling of the court. A brief reference to them may not be out of place. *Clark* v. *Jack*, 7 Watts, 375, was a loan of personal property, subject to be turned into a sale at a future time upon compliance with certain conditions. It was said by the court, " Properly speaking, there was not a sale, but a contract to sell at a future day; and the delivery in the meantime was a loan subject to be turned into a sale by compliance with certain conditions." *Myers* v. *Harvey*, 2 Penrose & Watts, 478, was a clear case of bailment. The personal property in question had been purchased at a sheriff's sale, and left in the possession of the defendant under a lease from the purchaser. In *Lehigh Co.* v. *Field*, 8 W. & S., 232, there was merely an agreement for a future sale. There was no present sale between the parties; the boatmen were the servants of the company; the boats in question remained in the ostensible ownership of the company; they retained their places on the company's register, and were not distinguishable from their other boats; the men had merely the privilege of buying them at a future time when a bill of sale was to be made therefor. *Rose* v. *Story*, 1 Barr, 190, is an authority so strongly the other way that we need not discuss it. No fault is found with the principle cited therefrom, that "where, by the terms of the contract the vendee receives a chattel to keep for a certain time, and then to become the owner of it if he has paid the stipulated price; otherwise, to pay for its use, he receives it as bailee, and the property is not changed until the price is paid." This principle does not apply here, for we have no such facts. *Rowe* v. *Sharp*, 1 P. F. S., 26, was a bailment. Sharp, by writing, let to Goff two billiard tables for nine months, Goff to use them at his place of business, pay a certain sum for their use, and at the end of the term to re-deliver

them, and, if then Goff had complied with the covenants of the agreement, Sharp was to make him a bill of sale of the tables, the consideration for which was to be the sum paid for their use. This was held to be a bailment for the use of the tables, with provision for sale in case of payment of the price. In *Chamberlain* v. *Smith*, 8 Wright, 431, there was a contract by which a yoke of oxen was delivered to a hirer "to keep and work in a reasonable farmer-like manner for the term of one year; said cattle to be returned in one year. But the said Mr. Wharter (the hirer) has the privilege, by paying forty dollars and legal interest, at the expiration of the year, to keep said cattle." Mr. Justice Strong, who delivered the opinion of the court, in speaking of this contract, said: "It was a bailment, not a sale; a bailment with a refusal of the cattle for a stipulated time. The bailee received them to keep and use. He engaged to keep and use them in a reasonable farmer-like manner, and to return them at the end of a year. All this looks to a contract of hire, and nothing else. Then followed the provision that if the bailee would pay a definite sum at the end of the period for which the cattle were let, they should be his, but without any obligation on his part to buy them. No doubt a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase money is paid, enables creditors of the vendee to seize and sell for the payment of his debts." *Henry* v. *Patterson*, 7 P. F. S. 346, was a case of bailment, as was also *Becker* v. *Smith*, 9 *Id.*, 469; *Enlow* v. *Klein*, 29 P. F. S., 488, relied upon by the court below, and the last of this series of cases, is an admittedly close case, and comes nearer sustaining the contention of the plaintiffs than any of those commented upon. Yet we regard it as rightly decided, and easily distinguishable from the one in hand. An examination of the fact shows that it was a case of hiring; that two dollars per week of the sum to be paid was for the *use* or hire of the horses. This clearly appears in the report of the facts, and is also referred to in the opinion of our lamented brother Woodward. This was an important feature of the case in our consultation, and is referred to now that it may not be misunderstood hereafter. *Enlow* v. *Klein* was justified by the authorities, and we do not propose to disturb it; but we will not take one step beyond it. We stop just where it ends.

The force of the argument for the plaintiff was spent in showing that a case of bailment is not within the rule laid down for conditional sales. The principle is conceded, but it has failed in showing the existence of a bailment. On the contrary, it was a sale, and comes directly within the ruling of *Clow* v. *Wood*, 5 S. & R., 275; *Babb* v. *Clemson*, 10 *Id.*, 419; *Martin* v. *Mathiot*, 14 *Id.*, 214; *Jenkins* v. *Eishelberger*, 4 Watts, 121; *Rose* v. *Story*, 1 Barr, 190; *Mitchell* v. *Commonwealth, for. use*, 1 Wright, 187; *Waldron* v. *Haupt*, 2 P. F. S., 408; *Haak* v. *Linderman*, 14 P. F. S., 499, and similar cases.

The judgment is reversed, and judgment *non obstante veredicto* for the defendant upon the reserved point.

# DIGEST AND NOTES OF RECENT CASES.

Appeal—*Undertaking.* In an appeal from a justice's or police court, when two separate and distinct undertakings are contemplated, one for costs, and the other for a stay of execution, the former is essential for the purposes of appeal, and the latter is not.—*McConky* v. *Superior Court of Alameda County*, Sup. Ct. Cal., P. C. L. J.

*When dismissed.* Where parties are not parties to a proceeding, and are not aggrieved by an order of court, the same is inoperative against them. Such parties have no standing in court, and an appeal by them will be dismissed.—*Miller* v. *Bates*, Supreme Ct. Cal., Pac. Coast Law Jour., Nov. 27.

Assignment—*Voluntary assignee can only make such defense as would avail his assignor.* A common law assignee of the property of an insolvent debtor, cannot object to the validity of a chattel mortgage, previously given by the assignor, on the ground that it was not duly filed according to the statute. A voluntary assignee can make such objections to the mortgage only, that the assignor could have made.—*Hawks, assignee*, v. *Pritzlaff*, Sup. Ct. Wisconsin, Wis. Legal News, Dec. 2, 1880.

*Mortgagee cannot maintain action for conversion against assignee.* Where a mortgagor in possession of goods mortgaged, makes an assignment' thereof for the benefit of his creditors, and the assignee proceeds in the probate court to administer the trust, in accordance with the statutes regulating such assignments, the mortgagee cannot maintain an action against the assignee for converting the property to his own use. In such case, his interest in the property under the mortgage, where the assignee is clothed with authority to sell the goods, is transferred to the fund arising from the sale by the assignee. And it will make no difference that the condition in the mortgage was broken at the time of the assignment.—*Laudemann* v. *Ingham*, Sup. Ct. O., Ohio Law Jour., Nov. 25.