# Bankers-Commercial Security Co. *v.* Greer et al., Appellants.

*Replevin—Automobile—Bailment—Bailment lease—Title—Evidence—Sufficiency.*

In an action of replevin to recover possession of an automobile, a verdict is properly directed for the plaintiff, where the evidence established the execution of the bailment to the lessee, its assignment to the plaintiff, the default of the lessee, and the defendants'

failure to prove any title in the machine superior to that of the plaintiff.

Argued October 6, 1921.  Appeal, No. 25, Oct. T., 1921, by intervening defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1919, No. 107, in favor of the plaintiff in the case of Bankers-Commercial Security Company, Inc., a corporation created by and existing, under the Laws of the State of New York, v. Austin G. Greer, Jr., Defendant, and George J. Knapp, Intervening Defendant.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Replevin to recover possession of a motor truck.  Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff in the sum of $1,311.40 and judgment was entered thereon.  The intervening defendant appealed.

*Error assigned,* among others, was in directing a verdict for the plaintiff.

*A. E. Hurshman,* for appellant.

*C. W. VanArtsdalen,* for appellee.

OPINION BY HENDERSON, J., November 21, 1921:

The controversy in this case arose out of a lease, in writing, of a motor truck.  The lessor was L. E. Watson Company, and the lessee, Austin G. Greer, Jr.  The lease was executed September 18, 1917.  Possession of the truck was delivered to the lessee and the lessor's interest in the contract was acquired by the plaintiff.  The lessee after having used the truck for several months, returned it to Watson Company.  Default having been made by the lessee in the payment of monthly installments of rent, the plaintiff caused the writ to be issued in this action to

recover the truck. It was found in possession of the intervening defendant, who is the appellant.

At the trial, the plaintiff made out a prima facie title to the property by evidence that it became the owner of the lessor's interest in the contract through a regular assignment of the lease. The learned trial judge gave binding instructions for the plaintiff for the reason that the appellant failed to introduce evidence tending to establish a title in himself. This instruction was proper under the evidence.

It is not disputed that Greer took possession of the truck when the lease was made with the Watson Company, and that immediately thereafter the Watson Company assigned the lease to the Bankers-Commercial Corporation, to whose rights the plaintiff company lawfully succeeded. As a result of these transactions, the Watson Company ceased to have any title to the property so far as the facts are disclosed by the evidence. The title asserted by appellant is said to have arisen through a lease made by the Watson Company to John Knapp, the father of the appellant, but this lease, if made, was given at a time long subsequent to the transfer by the Watson Company of its interest in the property, and there was no apparent authority in that company to vest a title in Knapp. There was an entire failure, therefore, to successfully establish a right to the property adverse to that asserted by the plaintiff. The evidence does not raise the question of retained possession by a vendor or lessor. It is not controverted that Greer got possession of the property when the lease was executed and that it was in his possession for several months. The assigned lease vested the title in the plaintiff, and whoever thereafter had possession of the property acquired no higher right than had the original lessee. A verdict for the plaintiff was the only legal conclusion from the proofs.

The assignments of error are overruled, and the judgment is affirmed.