# Swartz, Trustee, *v.* Stein and Levy, Appellants.

*Practice, Superior Court—Appeals—Assignments of error—Opinion of the court—Extracts—Charge—Reduction to writing—General exception—Refusal of new trial—Refusal of judgment non obstante veredicto.*

1. Extracts from an opinion refusing judgment non obstante veredicto may not be assigned for error.

2. Where no request has been made, in the court below, that the charge be reduced to writing, and filed of record, assignments of error relating to the charge cannot be considered upon appeal.

3. Where there is but a general exception to the charge, only basic and fundamental errors can be considered.

4. The refusal of a new trial is ground for reversal when based upon an abuse of judicial discretion, but an assignment of error, relating to such refusal, will be overruled where there is no suggestion of any abuse of discretion.

5. An assignment of error, based on refusal to enter judgment non obstante veredicto, must be overruled, where there were disputed questions of fact depending upon oral evidence.

*Replevin—Questions of fact—Questions for jury—Parties—One not in possession.*

6. In an action of replevin to recover possession of an automobile where the oral testimony is uncertain and conflicting as to the ownership, or whether the machine had been assigned to the plaintiff, as collateral security, or had been sold to the defendants, the trial court properly refused binding instructions, and motion for judgment non obstante veredicto. The determination of those questions was properly left to the jury.

7. Replevin, being not only an action to recover property, but also an action for damages for its taking and detention, one who participated in taking an automobile was properly joined as a party defendant, in an action to recover it, even though he was not in possession when it was replevied, and made no claim to it thereafter.

516    SWARTZ *v.* STEIN & LEVY, Appellants.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Argued March 7, 1922.   Appeal, No. 13, March T., 1922, by defendants, from judgment of C. P. Lackawanna Co., June T., 1918, No. 87, on verdict for plaintiff, in the case of Robert L. Swartz, Trustee, v. I. Stein and J. Julius Levy.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Replevin for an automobile.   Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, in the sum of $472.50, the value of the car.   The court discharged rule for judgment non obstante veredicto, and refused a new trial, conditioned upon the filing of remittitur of the excess over $334.84, the amount for which the car was pledged.   Remittitur filed and judgment on the verdict, as amended.   Defendants appealed.

*Errors assigned* were portions of the charge of the court, and the opinion filed, quoting them, and the action of the court in discharging rule for judgment non obstante veredicto, and in refusing new trial.

*R. L. Levy,* and with him *Frank M. Walsh,* for appellant.

*J. H. Price,* of *S. B., C. B. & J. H. Price,* for appellee.

OPINION BY LINN, J., April 17, 1922:

This suit in replevin was brought to determine the title to an automobile.   Stein, one of the defendants, filed a counterbond and retained the car.   The verdict was for the plaintiff, and after being reduced to the amount due under the agreement with Spatt by which the plaintiff claimed the car as collateral security, judgment was entered for the reduced amount and defendants' rule for a new trial was discharged.   They have appealed and their assignments of error may be grouped in four

classes: first, to extracts from the opinion of the court refusing judgment n. o. v.; second, to extracts from the charge; third, to the refusal to grant a new trial; fourth, to the refusal to enter judgment n. o. v.

1. The assignments in the first class are overruled because extracts from an opinion refusing judgment n. o. v. may not be assigned for error; the action of the court on the motion if properly assigned, will be reviewed, and in this case, has been.

2. The assignments in the second class are overruled for reasons thus stated in Laughner et al. v. Wally, 269 Pa. 5, 8: "The case was for the jury, and as there was no request that the charge of the court be reduced to writing and filed of record we cannot consider the assignments of error relating thereto: Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243, 248; Sgier et al. v. Phila. & R. Ry. Co., 260 Pa. 343. Moreover, there was but a general exception taken to the charge; hence, only basic and fundamental errors can be considered (Sikorski v. Phila. & R. Ry. Co., supra), and none such appear."

3. The refusal of a new trial is ground for reversal when based upon an abuse of judicial discretion. As there is no suggestion in this case of such abuse, that assignment is overruled.

4. We then have left for consideration the refusal to enter judgment non obstante veredicto. This assignment we must overrule, because in any view of the case, on the evidence presented by the parties to support the allegations respectively made in their pleadings, there were disputed questions of fact depending on oral evidence which necessarily required action by the jury.

Harry Spatt, trading in Scranton, as the Briscoe Distributing Company had the selling agency for the Briscoe car. In March, 1918, he defaulted in his rent due for premises occupied for the purposes of his business. Distraint for rent was made on certain property including the automobile in question. The distraint was released pursuant to agreement by the plaintiff, as trustee

for the landlords, and Spatt, by which Spatt assigned to plaintiff the property on the premises including the automobile, as security for the payment of the rent then due up to April 1st, as well as for the payment of rent for an additional month, May, not then due. During part of the time preceding this assignment to plaintiff, the car had been in Spatt's show window or show room, just as other Briscoe cars were exhibited to be sold. The evidence is indefinite as to how much of the time it was there for that purpose. It was however there for sale with the knowledge and authority of the defendant Stein. During the same time it was used by Spatt and his salesman as a demonstrating car. On or about the 3d of May, 1918, when plaintiff called at Spatt's place to collect the overdue rent, he found the car missing, and on asking where it was, learned from Spatt, that he had sold it to Stein. Plaintiff found the car in an alley near Spatt's garage and took possession of it and stored it in his own garage. Thereafter the two defendants entered plaintiff's garage, took the car away and this replevin followed.

Stein offered evidence to show that he bought the car from the Briscoe Distributing Company (Spatt) in October, 1917, and took possession of it. Concerning this possession, the evidence is very uncertain. He says he took possession of the car by taking it to Olyphant and "kept it all the time," but that "there was something the matter with it" so that it was in Scranton (in Spatt's possession) "most of the time." Stein never obtained a license for the use of the car. What little use he made of it, was under dealer's license tags belonging to Spatt. Stein also says it was left with Spatt to be repaired; and that it was there "always for sale."

The court submitted the case to the jury on the theory that if, in the circumstances generally indicated above, plaintiff took the assignment from Spatt without notice of Stein's claim to the car, and with Stein cognizant of the manner in which Spatt dealt with the car, plaintiff

was entitled to recover: O'Connor, Adm'x, v. Clark, 170 Pa. 318.

Without referring now to all the evidence of disputed facts in the case, we have indicated enough to show, and this is all we now decide, that the questions were essentially for the jury and that the court could not affirm defendants' point for binding instructions or subsequently grant their motion for judgment n. o. v.

Appellants suggest another question: "Shall a verdict in replevin rendered against two, be permitted to stand against one in whose possession no goods were found and who does not claim any of them?" The affidavit of defense was sworn to by Levy, one of the defendants, on behalf of himself and Stein, the other defendant, who gave the counterbond and retained the car. Levy denied that plaintiff acquired the car as averred in the statement and set up that the car became the property of Stein in October, 1917; but he did not deny that they took the automobile from plaintiff. Replevin is not only an action to recover property, but also damages for its taking and detention, and as the evidence was uncontradicted that Levy participated in taking the automobile from the plaintiff, he was properly joined as defendant: Miller v. Warden, Frew & Co., 111 Pa. 300, 308.

The judgment is affirmed.