## Colonial Finance Corporation, Appellant, *v.* Hagaman and Gove.

*Replevin—Bailments—Sales to bona fide purchaser.*

In an action of replevin to recover possession of an automobile, a verdict for the defendant will be sustained, where the evidence

established that the defendant had purchased the machine in good faith from a dealer who was in possession of it, and that he had no notice of any rights of the plaintiff.

The plaintiff having permitted the original owner and assignor to take possession of and exercise ownership over it after such assignment, is subject to the intervening rights of bona fide purchasers for value without notice.

Argued April 30, 1923.    Appeal, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1921, No. 692, on verdict for defendant in case of Colonial Finance Corporation v. Leon Hagaman and R. F. Gove, added defendant.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Replevin to recover possession of automobile.    Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon.    Plaintiff appealed.

*Error assigned*, among others, was refusal of plaintiff's motion for judgment non obstante veredicto.

*Ralph H. Frank,* and with him *Ben J. Lubic* and *John M. Redden,* for appellants, cited: Bankers-Commercial Security Co. v. Greer and another, 77 Pa. Superior Ct. 458; Commercial Credit Company of Baltimore v. Mellinger and others, 69 P. L. J. 580; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218, 222.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellee, cited: Bank of North America, Appellant, v. Penn Motor Car Co., 235 Pa. 194; Swartz, Trustee, v. Stein & Levy, 78 Pa. Superior Ct. 515; O'Connor, admrx., v. Clark, 170 Pa. 318; Mack v. Holsopple, 67 Pa. Superior Ct. 291; Penna. Railroad Company's Appeal, 86 Pa. 80; McMa-

hon v. Sloan, 12 Pa. 229; Clow v. Woods, 5 S. & R. 275; Stephens v. Gifford, 137 Pa. 219.

OPINION BY KELLER, J., July 12, 1923:

This case is very similar in its facts to Bankers-Commercial Security Co. v. Greer, 77 Pa. Superior Ct. 458, relied upon by appellant, but the differences are sufficient, in our opinion, to sustain the judgment of the court below.

In the first place, Allison-Hill Motor Co. (hereinafter called Motor Co.), under whom both appellant and appellee claim title to the Comet automobile in suit, was engaged in the business of selling automobiles and was the local agent or dealer for Comet cars. In the second place, Hagaman, to whom the Motor Co. "sold" the car on March 10, 1920,—receiving $897.18 cash and a bailment lease covering the balance, $1,794.38, payable in ten monthly installments, secured also by promissory note payable in like manner—was one of its salesmen, who had used the car as a demonstrating car before the "sale" and continued to use it in just the same manner thereafter; he did not apply for a new license in his name but continued to operate it under the Motor Company's dealer's license; and, when not in use demonstrating, the car was kept at the Motor Company's place of business, except that sometimes he drove it to his home at night and left it in the alley back of his house until morning—he had no garage,—when he drove it back to the Motor Company's place of business. In the third place, the facts in connection with the transaction between the Motor Co. and Republic Acceptance Corporation,—the immediate assignor of appellant,—show that it was essentially a discount, at a usurious rate of interest, of Hagaman's note, guaranteed by the Motor Co., with an assignment of the lease as additional or collateral security. No application was made by the Republic Corporation or the appellant for the registration of the car in its name as owner, and the circumstances show that if

on default by the lessee the Motor Co. made good the default and paid the amount secured by the lease it would have been entitled to the car. All of the seven installments paid on the lease were paid by the Motor Co., as Hagaman had left its employ, and "turned in" the car, by arrangement with it, before the first installment was paid on April 19th, and this installment was paid by the Motor Co. the day that Gove, the added defendant and appellee, bought the car and paid for it in full. Six installments were thereafter paid by the Motor Co. without objection by the appellant, showing that it was contemplated that the lease installments should be paid through the Motor Co. or at least that appellant was satisfied with this arrangement and relied on its guaranty. Had appellant made the slightest inquiry at the time the first installment on the lease was paid, by the lessor instead of the lessee, it would have discovered that Hagaman had returned the car to the Motor Co. and that the latter had sold it for cash to the appellee, and at a time when appellee could probably have protected himself had appellant made objection to the new transaction. If the appellant relied on the honesty and good faith of the Motor Company's officials and used none of the precautions open for its protection when obtaining a transfer of the title to the car, it cannot after six months shift the loss caused by the disappointing conduct of such officials to the appellee, who, the jury have found, purchased the car in good faith from the apparent owner in possession without knowledge of any secret claim of ownership by the appellant. This is not the case of one purchasing from a bailee, subject to the higher rights of the bailor, and the cases cited by the appellant along that line do not apply here. It comes rather within the principles enunciated in Bank of North America v. Penn Motor Car Co., 235 Pa. 194, 198; Swartz v. Stein & Levy, 78 Pa. Superior Ct. 515; O'Connor v. Clark, 170 Pa. 318; Penna. R. R. Co.'s App., 86 Pa. 80. See also Mack v. Holsopple, 67 Pa. Superior Ct. 291, p. 296. The appel-

lant having permitted the Motor Co., the original owner of the car and its assignor, to exercise ownership over the car after such assignment, is subject to the intervening rights of bona fide purchasers for value without notice: O'Connor v. Clark, supra; Stadtfeld v. Huntsman & Co., 92 Pa. 53; Davis v. Billings, 254 Pa. 574. It was expressly pointed out in Bankers-Commercial Security Co. v. Greer, supra, p. 460, that in that case the question of retained possession by a vendor or lessor did not arise.

On a review of the whole case we are not satisfied that the lower court erred in its submission of the case to the jury or in its refusal to enter judgment non obstante veredicto in favor of the plaintiff. The assignments of error are overruled and the judgment is affirmed.