# McLaughlin's Assigned Estate.

*Insolvency—Assignment for creditors—Preference—Lease—Sale of goods—Possession—False credit—Estoppel.*

Where an owner of a stock of goods transfers possession of them to another under a lease providing for the payment of rental for a term and transfer of title at the end of the term on payment of the additional sum of one dollar, and the lessor permits the lessee to trade with the goods as sole owner and buy additional goods on the credit of the business, without notice of his interest therein, he is estopped from asserting preference in the proceeds of the goods after they have been sold by an assignee for creditors of the lessee.

Argued April 30, 1924.   Appeal, No. 53, Jan. T., 1925, by William D. First, from order of C. P. Crawford Co., Sept. T., 1922, No. 65, discharging rule to show cause why appellant should not be declared a preferred creditor in F. J. McLaughlin's Assigned Estate.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Rule to show cause why Wm. D. First should not be declared a preferred creditor.   Before PRATHER, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged.   Wm. D. First appealed.

*Error assigned* was order, quoting record.

*Albert L. Thomas,* with him *John O. McClintock* and *Walter J. McClintock,* for appellant.—A voluntary assignee for creditors is not a bona fide purchaser for value; he is the mere representative of the debtor, enjoying his rights only, and is bound where his debtor is bound; nor are the general creditors of the assignor for whom the assignee holds the property in trust, purchasers for value:  Smith v. Trust Co., 215 Pa. 418;  Collins v. Houston, 138 Pa. 481;  Ludwig v. Highley, 5 Pa.

132; Twelves v. Williams, 3 Wharton 485; Bullitt & Fairthorne v. Church, 26 Pa. 108; McMahon v. Sloan, 12 Pa. 229.

Equity will follow a fund through any number of transmutations and preserve it for the owner so long as it can be identified: Webb v. Newhall, 274 Pa. 135; Lifter v. Earle Co., 72 Pa. Superior Ct. 173; Com. v. Surety & Guaranty Co., 37 Pa. Superior Ct. 179; Thompson's App., 22 Pa. 16; Com. v. Trust Co., 250 Pa. 372; Farmers' & Mechanics' Nat'l Bank v. King, 57 Pa. 202; Farrell's Assigned Est., 17 Pa. Superior Ct. 240.

*Arthur L. Bates,* for appellees.—The undisputed testimony indicates clearly that it was a conditional sale, which, while good between the immediate parties, subjected the property to the claim of creditors: Brunswick v. Hoover, 95 Pa. 515; Jacob Dold Packing Co. v. Title & Trust Co., 79 Pa. Superior Ct. 112; Miller Piano Co. v. Parker, 155 Pa. 208; Leitch v. Motor Truck Co., 279 Pa. 160.

OPINION BY MR. JUSTICE FRAZER, May 27, 1924:

Wm. D. First appeals from an order of the court below discharging his rule to show cause why he should not be considered a preferred creditor of F. J. McLaughlin to the extent of $6,700, and asking that the assignee for benefit of creditors be directed to pay to him the sum indicated. Appellant was engaged in the retail hardware business at Conneaut Lake, Crawford County, and, desiring to transfer the stock and fixtures connected with the business to McLaughlin, made a lease to him dated March 25, 1919, for a period of one year, "at the annual rental of $6,700, "$1,500 to be paid at the time of execution of the lease, $1,500 October 1, 1919, and the balance of $3,700 on March 17, 1920. The lease contained a provision that the merchandise and property should be "fully kept up and maintained as to value" and used only in conducting a mercantile and hardware

business and that the lessee should not remove the same from the premises, or sublet, or assign, his interest in the lease without the written consent of the lessor, but should return the property to the lessor at the expiration of the term; with the option, that if the lessee desired to purchase the property at or before the termination of the lease, a bill of sale would be delivered in consideration of the additional sum of one dollar. McLaughlin took possession of the premises, placed a sign over the door indicating he was doing business in his own name and proceeded to so conduct the business until March 17, 1921, at which time, being unable to pay the final installment of rent, an extension of time was granted for a period of one year and subsequent further extensions were granted until March 25, 1923, at which time there was an unpaid balance due plaintiff of $3,400. On June 6, 1922, McLaughlin made an assignment of his property for the benefit of creditors. The assignee converted the assets, including the stock of merchandise as it existed at that time, into cash, showing a balance in his hands for distribution insufficient to pay creditors in full. Following conversion of the property into cash, appellant presented his petition for an order directing that $6,700 be paid him as a preferred claimant out of the proceeds realized by the assignee. The court below, in discharging the rule, held appellant was estopped from asserting title to the goods and was entitled to participate in the fund only as a general creditor.

It will be observed the stipulated rental for the year was the same as the expressed inventory value of the goods and although there was an extension of the time for payment for three years the amount of "rental" remained the same. Whether the party succeeded in effecting a bailment may be seriously questioned. Discussion of that question, however, is unnecessary. Appellant lived in the town of Conneaut Lake, near McLaughlin's place of business and during the entire three years

was aware the latter was transacting business in his individual name and securing credit by virtue of his apparent sole ownership of the business. Nothing was said or done by appellant tending to indicate to McLaughlin's creditors that he (appellant) retained title to the goods in the store at the time the lease was executed, or acquired an interest in merchandise subsequently purchased, the original stock having to a considerable extent been replaced by other goods purchased since the execution of the lease, including new lines of merchandise not handled at the time the agreement was entered into. McLaughlin's creditors presented claims arising since he took possession of the store and they were for goods sold and money loaned on the credit of the business. While, as between lessor and lessee, the agreement would have been valid, a different question arises where the rights of general creditors of the lessee are involved. They having given credit to McLaughlin on the strength of his apparent ownership of the business, the transfer of the merchandise, under the particular circumstances of this case, constituted a fraud on their rights. Having stood by and permitted the lessee to conduct the business in his own name as sole owner and obtain credit from others on the strength of such ownership, appellant is now estopped from setting up title to the property or from asserting a preference claim on the proceeds realized from its sale. This conclusion is fully supported by the principles stated and applied in Callender & Co. v. Robinson, 96 Pa. 454; O'Connor v. Clark, 170 Pa. 318; Bank of N. A. v. Penn Motor Car Co., 235 Pa. 194, and Colonial Finance Corp. v. Hagaman et al., 81 Pa. Superior Ct. 439.

The decree of the court below is affirmed at appellant's costs.