# Danko, Appellant, *v.* Pittsburg Railways Company.

*Negligence—Street railroads—Evidence—Signed statement—Discrepancies—Credibility of witness.*

1. Where in an action to recover damages for personal injuries the testimony in chief of the only witness called by plaintiff to describe the accident makes out a clear case for the jury, but on cross-examination he is confronted with a statement which he signed two days after the accident, at the instance of an employee of the defendant company, and radically inconsistent with his testimony in chief, of which statement he says "If my signature is there, it must be correct" but which he testifies without contradiction he signed without reading or knowing its contents, the credibility of the witness is for the jury, not the court, and if a verdict has been found for plaintiff it is error for the court to enter judgment for defendant non obstante veredicto.

2. In such a case, the duty of the court is limited to calling the jury's attention to the discrepancy between the written statement and the testimony of the witness in chief, and to properly cautioning them as to their duty in passing on his credibility.

3. When on part of the testimony of a witness a plaintiff is plainly entitled to go to a jury, while on the other part of it he plainly is not, or when the different parts of the testimony of a witness are apparently inconsistent, leaving it uncertain just what his recollection of the facts respecting which he testifies is, it is the province of the jury to reconcile the conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail.

Argued Oct. 31, 1910. Appeals, Nos. 66 and 67, Oct. T., 1909, by plaintiffs, from judgment of C. P. No. 4, Allegheny Co., Third T., 1907, No. 277, for defendant n. o. v. in case of Chester Danko, a minor, by his father and next friend John Danko, and John Danko v. Pittsburg Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for personal injuries.   Before SWEARINGEN, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Rody P. Marshall,* with him *A. H. Mercer,* for appellants.—The weight of the testimony of the witness McLaughlin was for the jury: Ely v. Railway Co., 158 Pa. 233; Kohler v. Penna. R. R. Co., 135 Pa. 346; Platz v. McKean Twp., 178 Pa. 601; Lautner v. Kann, 184 Pa. 334; Alexander v. Buckwalter, 17 Pa. Superior Ct. 128.

*William A. Challener* and *David A. Reed,* with them *Clarence Burleigh,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

At the time Chester Danko was injured he was but four years of age, and the question of his contributory negligence is, therefore, not in the case.   But a single witness—J. C. McLaughlin—was called by the plaintiffs to describe the accident, and from his testimony in chief the negligence of the defendant company was clearly for the jury.   He testified that when one of its summer cars had reached the end of a line in the borough of Duquesne, the injured plaintiff and another boy, somewhat older, got upon it; that the older boy turned the seats and just before the car started the younger one attempted to get off; that while he was hanging on the running board and trying to get off the motorman rang the gong and the conductor gave the signal to start; that when the car started it gave a lunge and the little fellow fell off, the rear wheel of the car passing over and crushing one of his feet; that when the conductor gave the signal to the motorman to start he was on the rear platform making out a report; that he did not glance at the running board, where he would have seen the boy about six feet

from him if he had looked. On his cross-examination McLaughlin was confronted with a statement which he had signed two days after the accident, at the instance of an employee of the company, and in this he stated that the boy had hopped on two or three cars before he was hurt; that as he grabbed the running board of the car his feet went under the wheels and that it was his own fault. The question of the defendant's negligence was submitted to the jury on McLaughlin's testimony and a verdict returned in favor of the plaintiffs, but judgments on it were denied them and judgment was entered for the defendant non obstante veredicto, because the court below was of opinion that the burden upon the plaintiffs to establish the defendant's negligence had not been discharged, in view of the discrepant testimony of the only witness called to prove it.

What appears in the written statement to which the employee of the company procured McLaughlin's signature is radically inconsistent with his testimony in chief on the trial, but it is first to be noted that the statement was written by the employee, and when the witness signed it he did not read it, nor was it read to him. In this he is uncontradicted, for the employee was not called as a witness. It is true that when McLaughlin was pressed on cross-examination to say whether what appeared in the statement was a truthful account of the accident, he answered that it was, but this answer must be received in connection with the answers which immediately preceded it in determining whether in view of it the case should not have gone to the jury. When the witness was first asked whether the statement to which he had appended his signature was correct his answer was, "If my signature is there, it must be correct." This, however, must be taken in connection with his uncontradicted statement that he had not read the paper and it had not been read to him, and when his answers are so considered, a fair inference to be drawn from them is that all he intended by them was that he had no recollection

of what was inserted in the statement, but, as he had signed it, "It must be true." This by no means followed, if he had not read the statement and the employee procured his signature to it without reading it to him, for immediately after the answers that the statement must be true if his signature was to it, he testified unqualifiedly on his re-examination in chief that the statement of the accident as he gave it to the jury was correct according to the best of his knowledge, and that what he told them as a witness on the trial was the truth. Under the circumstances his credibility was for them and not for the court. The duty of the latter was limited to calling their attention to the discrepancy between the written statement which had been procured from the witness and his testimony in chief and to properly cautioning them as to their duty in passing upon his credibility, which was for them alone. While it would have been no abuse of judicial discretion on the part of the court below, if it had been so asked, to have set the verdict aside, if regarded as perverse in view of McLaughlin's testimony, and to have compelled the plaintiffs to satisfy a second jury that his testimony as a witness for them was true, it by no means follows that the court could have taken from the jury in the first instance the determination of the question of fact depending upon his credibility: Dinan v. Supreme Council of the Catholic Mutual Benefit Assn., 210 Pa. 456; and a judgment non obstante veredicto may be entered only in cases where binding directions to the jury would have been proper at the trial: Dalmas v. Kemble, 215 Pa. 410; Bond v. Penna. R. R. Co., 218 Pa. 34; Shannon v. McHenry, 219 Pa. 267; Hardoncourt v. North Penn Iron Co., 225 Pa. 379. When on part of the testimony of a witness a plaintiff is plainly entitled to go to a jury, while on the other part of it he plainly is not, or when the different parts of the testimony of a witness are apparently inconsistent, leaving it uncertain just what his recollection of the facts respecting which he testifies is, it is the province of the jury to reconcile the con-

flicting statements, whether of the same or different wit-
nesses, or to draw the line between them and say which
shall prevail: Kohler v. Penna. R. R. Co., 135 Pa. 346;
Ely v. Ry. Co., 158 Pa. 233; and if a witness at a former
trial, or elsewhere, has made statements contradictory
of his testimony at a second trial, such statements affect
his credibility, but do not authorize an instruction to the
jury not to believe him: Platz v. McKean Township et
al., 178 Pa. 601. Under the rule recognized and applied
in the foregoing and other cases, this case was for the
jury. The judgment of the court below is reversed and
the record remitted, with direction that judgments be
entered for the plaintiffs upon the verdict.