Haas, Appellant, v. Erie Railroad Company.

*Negligence—Master and servant—Federal Employers' Liability Act—Railroads—Station platform—Engine—Escape of steam—Assumption of risk—Contributory negligence—Case for jury.*

1. In an action by an employee against a railroad company under the Federal Employers' Liability Act to recover damages for per-

sonal injuries resulting from being struck by a locomotive, the court erred in entering a compulsory nonsuit where it appeared that plaintiff was at the time of the accident walking along a narrow platform between opposite bound tracks at one of the defendant's stations; that while plaintiff was passing a standing engine the engineer, who saw him, opened the cylinder cock so that a volume of steam escaped causing plaintiff to involuntarily step across the platform and on to the opposite track where he was instantly struck by another locomotive; and it further appeared that the engineer was familiar with the rule of the company prohibiting the opening of the cylinder cock at station platforms, and that plaintiff acted in reliance upon the fact that the rule would be observed.

2. The fact that plaintiff knew that similar acts of negligence on the part of the defendant had occasionally occurred before is not sufficient to charge the plaintiff with assumption of the risk.

Argued April 26, 1916. Appeal, No. 132, Jan. T., 1916, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1913, No. 108, refusing to take off compulsory nonsuit in case of James A. Haas v. Erie Railroad Company. Before Brown, C. J., Mestrezat, Potter, Stewart and Moschzisker, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Prather, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*Arthur L. Bates,* with him *Frank J. Thomas* and *John O. Wicks,* for appellant.—The question of defendant's negligence should have been submitted to the jury : Cronmuller v. Evening Telegraph, 232 Pa. 14; Van Zandt v. Philadelphia, Balto. & Wash. R. R. Co., 248 Pa. 276; Glunt v. Penna. R. R. Co., 249 Pa. 522; Reed v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 243 Pa. 562; Schafer v. Leacock, Hawthorn & Co., 168 Pa. 497;

Dixey v. Philadelphia Traction Co., 180 Pa. 401; Whittaker v. Pres., Mgrs. & Company of Delaware & Hudson Canal Co., 126 N. Y. 544 (27 N. E. Repr 1042); Collins v. Philadelphia & Reading Ry. Co., 244 Pa. 210.

The court erred in holding as a matter of law that plaintiff assumed the risk: St. Louis, Iron Mt. & So. Ry. Co. v. Conley, 187 Fed. Repr. 947; Mondou v. New York, New Haven & Hartford R. R. Co., U. S. 1; Seaboard Air Line Ry. v. Horton, 233 U. S. 492; Erie Railroad Co. v. Jacobus, 221 Fed. Repr. 335.

The court below confused assumption of risk with contributory negligence: Bowen v. Penna. R. R. Co., 219 Pa. 405; Killmeyer v. Forged Steel Wheel Co., 243 Pa. 110; O'Donnell v. Bell Telephone Co. of Penna., 250 Pa. 440; Hartman v. Western Maryland Ry. Co., 246 Pa. 460; Graham v. Newburg Orrel Coal & Coke Co., 38 W. Va. 272 (18 S. E. Repr. 584); Fandek v. Barnett & Record Co., 150 N. W. Repr. 537.

The fact that plaintiff knew that similar acts of negligence on the part of defendant occasionally happened before, or could happen, is not sufficient to charge him with contributory negligence or assumption of risk: St. Louis Southwestern Ry. Co. of Texas v. McDowell, 73 S. W. 974; Barry v. Jones & Laughlin Steel Co., 234 Pa. 367; Dwyer, et al., v. St. Louis & S. F. R. Co., 52 Fed. Repr. 87; Reid v. Eastern Steamship Co., 90 Atl. Repr. 609; Smith v. Chas. Baker & Sons, 60 Law J. Q. B. (N. S.) 683.

*George F. Davenport,* for appellee.—The plaintiff assumed the risk: Randall v. Balto. & Ohio R. R. Co., 109 U. S. 478; Tuttle v. Detroit, Grand Haven & Milwaukee Ry. Co., 122 U. S. 189; So. Pacific Co. v. Seley, 152 U. S. 145; Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 492; Choctaw, Oklahoma & Gulf Ry. Co. v. McDade, 191 U. S. 64; Schlemmer, now Craig, v. Buffalo, Rochester & Pittsburgh Ry. Co., 220 U. S. 590; Lee v. Dobson, 217 Pa. 349; Nye v. Pa. R. R. Co., 178 Pa. 132.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1916:

This is an action brought under the Federal Employers' Liability Act to recover damages for personal injuries sustained by the plaintiff while he was in the employ of the defendant railroad company. The negligence averred was the opening of the cylinder cocks of a locomotive by the engineer, and thereby permitting the escape of steam in such a manner as to strike the plaintiff and cause him to step so near the opposite railroad track as to be struck by a passing switch engine. We are of opinion that there was sufficient evidence to warrant its submission to the jury on the questions raised by the pleadings, and that the learned court below erred in granting the nonsuit.

The defendant company has three tracks at its Meadville station. There are board platforms between the tracks extending north of the station about two hundred feet to Center avenue, and south of the station about three hundred feet to Mead avenue, which are used by employees operating the trains and by passengers boarding and alighting from through trains between New York and Chicago. The width of the platforms is about eight feet, and when two of the adjacent tracks are occupied by trains, there is an open space between them of about four or five feet.

The plaintiff was a switchman, and had changed the engines on train No. 10, and was going to the south end of the station to perform a like service on the arrival of train No. 9 which was about due to arrive when the accident occurred. He was walking south toward the station, between the east-bound and west-bound tracks, when he came to the locomotive of train No. 10 which was standing on the east-bound track midway between the station and the north end of the platform. The train was receiving passengers and taking on express matter. When he arrived at a point on the platform opposite the pilot of the locomotive, the train started, and as the cylinder of the engine passed the plaintiff, the engineer

opened the cylinder cocks, a "large volume" or a "regular cloud" of escaping steam struck the plaintiff, and in attempting to avoid being further scalded or burned he involuntarily stepped across the platform toward the west-bound track and was struck and injured by the cross-beam of a switch engine passing south on that track. The plaintiff was within two and a half or three feet of the engine when the cylinder cocks were opened.

The defendant has a rule regulating the conduct of enginemen at station platforms, which was put in evidence and reads as follows: "Enginemen are required to exercise care to prevent water from being thrown from smokestacks when starting, and are forbidden from opening cylinder cocks, and to prevent overflow of injectors at station platforms. They are required to have the firing done in such a manner as to avoid dense smoke, and to use the blower gently to prevent smoke trailing when at stations. It is required that the steam pressure be regulated to avoid the escape of steam from safety valves." This rule is incorporated in a book of "rules of the operating department of the Erie Railroad Company," which contains the general notice: "Obedience to the rules is essential to the safety of passengers and employees, and to the protection of property. To enter or remain in the service is an assurance of willingness to obey the rules."

The learned judge held as a matter of law that the discharge of the steam by opening the cylinder cocks at the time and in the manner complained of was not negligence. This conclusion was evidently based on his assumption of facts which do not appear in the case and on his view of a part of the plaintiff's testimony, elicited on cross-examination and which bears more directly on plaintiff's contributory negligence, and not on the whole testimony. So far, however, as his testimony was contradictory, it was for the jury to reconcile the conflicting statements and say which should prevail: Cronmuller v. Evening Telegraph, 232 Pa. 14.

The accident occurred about half past seven o'clock on the morning of July 15, 1911, when passenger train No. 10 was about departing and passenger train No. 9 was due to arrive at the station. These were through trains which met at this time at the Meadville station, and both the passengers and the employees would be using the platform. The plaintiff approached the locomotive from the north, the direction in which the train was going, and the engineer could have seen him, and we must assume did see him before he opened the cylinder cocks. The engineer knew the platform was used for arriving and departing passengers, and that the arrival of a south-bound locomotive or train would leave only a space of between four and five feet on the platform for use by the passengers and employees. He was familiar with the rule of the defendant company forbidding him to do the alleged negligent act which was the proximate cause of the plaintiff's injuries. This rule, as the defendant's notice discloses, was made to insure the safety of employees as well as passengers, and the former are entitled to its protection: Hartman v. Western Md. Ry. Co., 246 Pa. 460. The plaintiff, as an employee engaged in the operating department of the company, also knew of the rule, as he testifies, and could rely on its observance by the engineer. If occasionally the rule was violated, there could be no justification for it and it would not show a custom which would protect the company against injury to an employee or a passenger. The evidence does not show that the plaintiff had reason to believe the train would start before he could pass the locomotive or that the cylinder cocks would be opened and emit steam when it did start. Express matter was being put on the train as he approached the engine, and he testified that he did not anticipate any danger in passing the engine.

As the case goes back for a retrial, we will not make further reference to the testimony, nor discuss the question of assumption of risk. The evidence on the next trial may require the consideration of that question, and

it is proper to suggest that the distinction between it and contributory negligence, which seems to have been ignored on the former trial, should not be overlooked.

The judgment is reversed with a procedendo.