## Martin *v.* Southern Pennsylvania Traction Company, Appellant.

*Negligence—Street railway companies—Contributory negligence —Conflicting statements—Case for jury.*

1. In an action for personal injuries, the plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it.

2. In an action for the death of plaintiff's husband where from one part of plaintiff's testimony it appeared that deceased was guilty of contributory negligence, but from another part it appeared that he was not, and there were no other witnesses of the accident, the case was for the jury.

3. Where in an action against a street railway company to recover damages for the death of plaintiff's husband who was killed by a trolley car while endeavoring to cross the highway at a crossing, plaintiff testifies that the accident occurred in the evening after dark; that she saw her husband as he approached the track; that he looked up and down the track and that she did the same, but neither could see a car approach; that both listened and heard nothing to warn anyone; that she was following her husband; and that when he had advanced over the nearest track, he was struck by a car running at great speed, the case was for the jury and the fact that plaintiff also testified that she was within two feet of the car and her husband immediately in advance of her when he attempted to cross the track did not warrant the court in disposing of the case as a matter of law.

Argued Feb. 11, 1918.  Appeal, No. 316, Jan. T., 1917, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1915, No. 3, on verdict for plaintiff in case of Emma C. Martin v. Southern Pennsylvania Traction Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's husband.  Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,500, which the court re-

duced to $5,500, and entered judgment on the verdict as
reduced.   Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for
defendant and in refusing to enter judgment for defend-
ant n. o. v.

*J. B. Hannum,* for appellant.

*Henry J. Scott,* with him *Albert Dutton MacDade,* for
appellee.

OPINION BY MR. JUSTICE STEWART, April 3, 1918:

On the evening of 14th January, 1915, the plaintiff's
husband, accompanied by herself, was walking to his
home from Darby, using the sidewalk along the highway
upon which the defendant's line of electric railway is
operated.   In attempting to cross over the highway, upon
a crossing in common use, he was struck by an approach-
ing car on defendant's line, and so seriously injured that
within a short period thereafter he died in consequence.
The action was by the widow to recover damages from
the traction company, and the negligence charged con-
sisted "in running the car at a high and unlawful rate
of speed, failing to give proper signals of warning of the
approach, and in failing to have the car under such con-
trol that it could be brought to a stop within a reasonable
distance."   The case was submitted to the jury and a ver-
dict for plaintiff returned in the sum of $8,500.   A motion
for a new trial and for judgment non obstante followed.
The court directed that a remittitur be filed as to all of
the verdict in excess of $5,500, otherwise making absolute
the motion for a new trial.   The remittitur was filed, and
defendant then appealed.   The specifications of error are
confined to the refusal by the court of defendant's second
point which asked for binding instructions, and the re-
fusal of its motion for judgment non obstante.   Together
these raise but a single question: does the evidence sub-

mitted by the plaintiff show a sufficient cause of action clear of contributory negligence? If it does, binding instructions were impossible, and the case was necessarily for the jury. First, as to the negligence of the defendant. The plaintiff herself was the only witness to the occurrence. Waiving for the present the contradictions in her testimony as to the immediate circumstances—afterwards to be referred to—she testified that the accident occurred at about quarter of six in the evening, and that it was dark; that she saw her husband as he approached the track in his attempt to cross over; that before making the attempt he stopped where he had a view of the track so far as the darkness of the evening would permit; that he looked both up and down the track, and that she did the same, but neither could see a car approach; that both listened and heard nothing to warn anyone, that neither gong was sounded nor whistle blown and that when the husband had advanced over the nearest track he was struck by a car running at great speed. She further says she was following her husband and was within two feet of the car when he was struck. Another witness, Lance, testified that he passed over the crossing in advance of plaintiff's husband, and that he had barely got across when the car that struck plaintiff's husband passed at a speed which he—formerly a locomotive engineer—estimated at about twenty-five miles an hour; that before he entered on the crossing he looked and listened, saw no car approaching and heard no signal or any warning. This was the testimony offered by the plaintiff. Aided by the presumption that the deceased had exercised proper vigilance in attempting the crossing, it would be quite sufficient to establish a prima facie case of negligence. Did it disclose a case clear of contributory negligence? That depends entirely upon which of the conflicting statements plaintiff makes as to the place where she was standing with respect to her husband before and when the collision occurred, is accepted as the true narrative. In one place she says that

she was within two feet of the car and the husband immediately in advance of her, while in another place she says the husband had left her on the sidewalk and had started to cross the street when she looked and saw him struck by the car; that he was then on the first track while she was back on the sidewalk a half dozen steps away from the crossing where she says they had stopped, looked and listened. The witness on further examination, testified that she and her husband both stopped just where they came to the point where he started to cross, looked both ways and saw no car. In view of this indefiniteness and uncertainty it was not for the court to deduce a conclusion that the deceased was negligent in the choice of a place at which to stop and look. Rather it was for the jury to decide where the actual place was. The case of Ely v. Pittsburgh, C., C. & St. L. Ry., 158 Pa. 233, is exactly in point. There the contradictions in the plaintiff's testimony were no less marked than here with respect to the opportunity he had of seeing the approaching train which collided with him. Mr. Justice MITCHELL in his review of that case said: "This testimony was contradictory, and the net result of it by no means clear. On part of it he was plainly entitled to go to the jury, on the other part equally plainly he was not. Under these circumstances the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail. Had the testimony referred to a subject as to which the burden of proof was on the plaintiff, the result might have been different, for the court is not entitled to submit evidence which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it. But in cases like the present, the plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it. Unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption against it, and

so likewise where the evidence is conflicting as it was here. The weight of the evidence appears to us very clearly against the plaintiff on this point, but that was for the jury and the court below." That was the condition here. The weight of the evidence appears to us very clearly against the plaintiff on this point, nevertheless the presumption against negligence and the conflict in the evidence necessarily carried the case to the jury.

The assignments are overruled and the judgment is affirmed.