Van Ronk *v.* Holland Laundry, Inc., Appellant.

530

Argued October 13, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles E. Kenworthey,* and with him *Ralph B. Evans,* for appellant.

*William N. Trinkle,* and with him *Frank F. Truscott* of *Bell, Trinkle, Truscott & Bell,* for appellee.

Opinion by Baldrige, J., February 1, 1934:

A review of the record and a consideration of the briefs and arguments of counsel convince us that the learned court below committed no error in submitting to the jury the issues involved in this trespass case.

The uncontradicted testimony is that the plaintiff, at about noon on September 10, 1932, was driving his car in Philadelphia north on the right-hand side of Limekiln Pike, 36 feet wide, at a moderate rate of speed, and as he approached 77th Avenue, which is also 36 feet wide and runs east and west, he slowed down to from 5 to 10 miles an hour. 77th Avenue is a recently constructed street without an improved sidewalk. The space to the plaintiff's immediate right was covered with mounds of earth extending to the curb line, and overgrown with weeds approximately 10 feet high. To permit the plaintiff to obtain a view of traffic on 77th Avenue coming from the east, or his right, he proceeded until the front of his car was from 2 to 5 feet beyond the south curb line of 77th Avenue, when he almost stopped. He then first saw defendant's truck at his right about 20 feet distant coming down grade at "a high speed" on the left or wrong side of 77th Avenue, cutting toward the corner for the purpose of a left hand turn into Limekiln Pike, and coming directly toward plaintiff. The driver was apparently trying to apply the brakes and the truck seemed to be out of his control. If plaintiff had remained still, the truck would have crashed into the front of his car. He thereupon tried to speed it up sufficiently to escape a collision, but did not quite accomplish his purpose, and his car was hit on the rear right side. Immediately after the accident, the truck driver said that the collision was his fault, and that he

could not help it as his brakes did not work. The plaintiff, in direct examination, said that it was impossible to see, over the weeds, a car approaching on 77th Avenue. On cross-examination he said: "Q. Could you see over the top of the weeds? A. No, you could not see over the top of them unless a truck was high enough to see the top of it. You might possibly see the top of a furniture truck or some high truck over the top of these weeds ...... Q. If you had looked, could you have seen defendant's truck over the top of these weeds? A. I believe I could."

The appellant contends that this testimony convicted the plaintiff of contributory negligence, as in direct examination he referred to "a car" and in cross-examination to "a truck." We think this testimony does not indicate indisputably that the plaintiff was guilty of contributory negligence in proceeding as he did. Assuming that it was possible for him to see the truck, we think it can not be said that it was negligence for him to advance so that the front of his car extended from 2 to 5 feet beyond the south curb line of 77th Avenue when the traffic going west on that highway should have been on the right side of the avenue; he did not attempt to cross the intersection. Judge LEWIS, in discussing this phase of the case, said: "Furthermore, it is only possible, and by no means certain, that if plaintiff had looked over the weeds and had been able to see the truck, he could have determined thereby its location in the highway, its speed, the direction in which it was headed, etc., and have been able to avoid an accident, for, according to the plaintiff he would have been in greater danger by stopping at the curbline, because of the manner in which the truck was headed into Limekiln Pike, cutting short around the southeast corner of the intersection." Plaintiff was not required to stop at the intersection. His duty was to approach and enter it with his car under control; and under his testimony

he had reduced his speed to such an extent that when he saw defendant's truck he could have brought his car to a full stop within one foot.

There was some contradiction in the plaintiff's direct and cross-examination. But conflicting statements of this character are generally for the jury to reconcile. Adopting the language of Mr. Justice MITCHELL in Ely v. Railway, 158 Pa. 233, 238, 27 A. 970: "On part of [the testimony] he was plainly entitled to go to the jury, on the other part equally plainly he was not. Under these circumstances the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and see which shall prevail." See, also, Wolf v. Spencer, 282 Pa. 425, 128 A. 80.

The Act of May 1, 1929, P. L. 905, 978, art. X, §1011 (b), as amended June 22, 1931, P. L. 751, §2 (75 PS §546), provides: "The driver of a vehicle intending to turn to the left, shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and, in turning, shall pass to the left of the center of the intersection, keeping as close as shall be practicable to the center of the intersection ......" The plaintiff had a right to assume that the defendant would discharge this legal duty and not attempt to cut the corner and violate the law: Goldschmidt et ux. v. Schumann et al., 304 Pa. 172, 155 A. 297. He was not bound to anticipate the negligence which resulted in the collision, and his failure so to do will not defeat an action for the injuries sustained: Wagner v. P. R. T., 252 Pa. 354, 359, 97 A. 471. It can not be said, therefore, as a matter of law, that the plaintiff's failure to see the defendant before he reached the curb was a contributing cause of the accident.

We find no merit in this appeal. Judgment is affirmed.