Johnson, Appellant, *v.* Staples et al.

Argued March 8, 1939.

Before KEILER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and RHODES, JJ.

*Forrest J. Mervine,* with him *James C. Scanlon,* for appellants.

*C. D. Shull,* for appellees.

Opinion by Stadtfeld, J., April 12, 1939:

This is an action of replevin instituted by the plaintiff, Henry A. Johnson, against Katie Engel and Elmer Staples to recover a Chevrolet automobile. Prior to the trial of the case, the defendant, Katie Engel, died and a suggestion of death was filed substituting Elmer Staples and Jennie Staples, executors of the last will and testament of Katie Engel as party defendants in her stead.

The case was tried before Farr, P. J., specially presiding, and the jury returned a verdict in favor of the plaintiff. The defendants thereupon moved for a new trial and for judgment n. o. v., the latter of which motions the court granted on the ground that the plaintiff's proof did not support his pleadings and judgment was entered for the defendants.

The plaintiff set forth in this declaration, inter alia, the following averment: "4. The plaintiff acquired title to said automobile on or about July 14, 1934, by purchase from Metzgar Brothers, Tannersville, Monroe County, Pennsylvania, retail dealer and vendor of Chevrolet automobiles. Said automobile was transferred and delivered to the plaintiff."

The defendants in answer to this allegation averred in their affidavit of defense: "4. The allegations of paragraph 4 of plaintiff's statement are denied. To the contrary thereof, the defendants aver and say that the said automobile was purchased from said Metzgar Brothers on or about July 14, 1934, by Katie Engel, one of the defendants, and no part of the purchase price therefor was either paid or the payment thereof

secured in any way by the said Henry A. Johnson, the entire amount thereof being paid by the said Katie Engel."

The pleadings therefore raised an issue as to who acquired title and ownership to said automobile from Metzgar Brothers.

On a motion for judgment n. o. v. not only must the testimony be read in the light most favorable to the plaintiff, but all the conflicts therein and all facts and inferences of fact pertaining to the issues involved, which may be reasonably deduced from the evidence, must be resolved in the plaintiff's favor: *Delair v. McAdoo,* 324 Pa. 392, 188 A. 181. A court is without power to enter judgment n. o. v. under the statute where the evidence is conflicting on a material fact or where any other reason exists precluding a binding direction: *Hostetler v. Kniseley,* 322 Pa. 248, 185 A. 300.

Two facts are undenied. One is that the title to the car has at all times since the purchase thereof been in the name of Henry A. Johnson, the plaintiff. Application therefor was made out in his name by Edward Metzgar, one of the dealers, and this with Katie Engel's knowledge and consent. This fact of itself makes out a prima facie case of Henry Johnson's purchase of the car and of his ownership therein. The car sold for $662. Of this amount, Katie Engel provided $600 and Henry Johnson produced the remainder.

Thomas Metzgar, a member of the partnership which sold the car in question, testified that he sold the car to plaintiff, that Katie Engel paid part of the purchase price and plaintiff paid part and that the title was made in the latter's name. He heard Mrs. Engel say in the presence of Henry Johnson that the reason for placing the title in the latter's name was that she did not want any responsibility on her part. He denied that he sold the car to Mrs. Engel. Edward Metzgar,

the other member of the partnership testified to the same effect as Thomas Metzgar.

Horace Bloss, a witness for plaintiff, testified that he was out riding in the car several days after it had been purchased, with Mr. Johnson and Mrs. Engel; that he had a conversation with Mrs. Engel at the time wherein she stated that she gave Mr. Johnson $600 to purchase the car; and what was over "he would have to pay himself" and that "Mr. Johnson was a very nice boy and intended to take care of it."

John Litts, a witness on behalf of plaintiff, testified that he was at the home of Mrs. Engel and Henry Johnson in July, 1934, prior to the purchase of the car when Thomas Metzgar was there; that when the latter asked Mrs. Engel in whose name she wanted the title to this car, she answered, "In Henry's name;" and that she then leaned over the table and said to him (the witness), "I am giving Henry money to buy an automobile with." On cross-examination, he further testified, "The statement she made to me, 'I am giving Henry money to buy his car with.'" The plaintiff having introduced evidence of a gift of part of the purchase price, this question was for the jury.

The sole question before the jury was whether the plaintiff or the decedent became the owner of the automobile, by reason of the transaction with Metzgar Brothers. The court below seemed to feel that because the decedent furnished the major portion of the purchase price, the plaintiff acquired title from Katie Engel. The decedent never had title to the car, consequently she could not have given title to the plaintiff. Metzgar Brothers were the owners of the car. They sold the car and title acquired from them was acquired by purchase irrespective of who paid the price.

If the jury believed that Katie Engel never intended to buy a car for herself; that she simply furnished the purchase price for the plaintiff, Henry Johnson; that Metzgar Brothers intended to and did transfer the

automobile to Henry Johnson, with the full consent of Katie Engel; then the requirements for the allegations of title in plaintiff were met, and there is no variance between the pleading and the proof. If there was any gift it was of part of the purchase price, and not of the car.

Considering the evidence in the light most favorable to plaintiff, the following facts were established: Metzgar Brothers, the dealers, were the original owners of the car. The automobile was sold by them and the title thereto was transferred to the plaintiff with Katie Engel's consent. The major portion ($600) of the purchase price was paid by Katie Engel, but the plaintiff paid a part thereof ($62.50). Delivery of the car was made to the plaintiff in the presence of Katie Engel and the certificate of title was delivered to him. The dealers who sold the car unqualifiedly testified that they sold the car to Henry Johnson and not to Katie Engel. It is uncontradicted that Katie Engel declared in the presence of witnesses that she was giving, and in another instance, that she gave Henry Johnson, the plaintiff, money with which to buy his car.

The source of the purchase price is entirely immaterial. Henry Johnson was none the less the purchaser because of the fact that Katie Engel contributed part of the money used in paying for the car. He was none the less the purchaser because Katie Engel made out the checks directly to Metzgar Brothers than he would have been if she made out the checks to him, and he in turn endorsed them over to Metzgar Brothers.

The mere fact that the certificate of title was in the possession of the decedent at the time of the institution of the action and prior thereto does not overcome the effect of the fact that the title was in his name and of the other testimony referred to above. Henry Johnson, plaintiff, and his wife and Mrs. Engel lived together in the same house. Henry Johnson testified that in a conversation with Elmer Staples, a brother of

Mrs. Engel, he told the latter that the title paper was "up in Mrs. Engel's box where we keep the papers."

Appellee lays some stress upon the statement of Henry Johnson that Mrs. Engel *bought and gave him the car,* as being contradictory to the testimony that he, Johnson, bought the car. We do not so regard it. In view of the fact that she gave him $600 towards the purchase of the car, he may well have referred to it as a gift, but this does not necessarily contradict all of the other testimony in relation to the purchase and the placing of the title in his name.

Proof of title by the owner in an action of replevin makes out a prima facie case, and the burden is shifted to defendant to prove property, general or special, vesting it with the right to retain possession: *Blossom Products Corp. v. National Underwear Co.,* 325 Pa. 383, 191 A. 40.

In an action of replevin to recover possession of an automobile where the oral testimony is uncertain and conflicting as to the ownership, or whether the machine had been assigned to the plaintiff, as collateral security, or had been sold to the defendants, the trial court properly refused binding instructions, and motion for judgment non obstante veredicto. The determination of those questions was properly left to the jury: *Swartz, Trustee, v. Stein & Levy,* 78 Pa. Superior Ct. 515.

In *Brown v. Judge,* 77 Pa. Superior Ct. 106, this court said at p. 108: "The oral testimony was certainly sufficient to warrant a finding that the ownership of the articles in question had been in Mary M. Judge, and not in Katherine Judge. The finding of that fact was, however, dependent upon oral testimony and the credibility of the witnesses was for the jury."

And this is true even when parts of the testimony of plaintiff's witnesses or of the plaintiff himself are inconsistent. This court in *Miller v. Lehigh Valley R. R. Co.,* 58 Pa. Superior Ct. 558, stated at pp. 570, 571: "When on part of the testimony of a witness a plaintiff

is plainly entitled to go to a jury, while on the other part of it he plainly is not, or when the different parts of the testimony of a witness are apparently inconsistent, leaving it uncertain just what his recollection of the facts respecting which he testifies is, it is the province of the jury to reconcile the conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail: *Danko v. Pittsburgh Ry. Co.,* 230 Pa. 295. The same is true of the plaintiff himself: *Ely v. Pittsburgh, etc., Ry. Co.,* 158 Pa. 233."

Without discussing all of the evidence of disputed facts in the case, we have indicated enough to show that the questions were essentially for the jury and that the court could not affirm defendant's point for binding instructions or subsequently grant their motion for judgment n. o. v.

The assignment of error is sustained, judgment reversed and now directed to be entered on the verdict.