## Ingram *v.* Pittsburgh, Appellant.

Argued May 24, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Bennett Rodgers,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*Vincent M. Casey,* with him *Charles J. Margiotti,* of *Margiotti, Pugliese & Casey,* and *Coleman Harrison,* for appellee.

OPINION BY MR. JUSTICE HUGHES, September 25, 1944:

The plaintiff was a passenger in an automobile driven by William Lennox on West Ohio Street in the City of Pittsburgh. While traveling eastwardly toward Federal Street, the left front wheel struck a hole in the street, causing the driver to lose control, and the automobile was deflected into a telegraph pole along the sidewalk. The hole was five or six inches deep, about a foot in width, and two and a half feet in length. It had been

there from the previous winter. The accident occurred on May 16, 1938, about 11:30 P. M. The driver of the automobile explained that he did not see the hole because it was dark and the hole looked somewhat similar to that portion of the street car track, which was paved with cobble-stones. After striking the hole, the driver testified to hearing a loud crash which sounded like a blowout. When the automobile stopped it was against the pole, with the right rear wheel up over the curbstone, and the tire on that wheel was flat. Joseph Ingram, the plaintiff, was seriously injured.

Before this court the appellant raises two questions: First, the driver of the car having stated immediately after the accident that he thought a blowout was the cause, is there error in the Court's charge if it fails to contain a clear statement on the issue of fact as to whether the defect in the street or the blowout was the cause of the accident? Upon the subject of proximate cause, the learned trial judge charged: "Was the negligence of the City of Pittsburgh the proximate cause of the accident? That is to say the nearest cause, that is what the word proximate means. Was it the nearest cause of what took place, not nearest necessarily in time but nearest in causal relationship to what occurred. Now it might be the nearest, that is to say the proximate cause, even though there was negligence also on the part of another person, that is to say you might find that there was some negligence on the part of the operator of the automobile, but if that negligence of the City of Pittsburgh contributed to the happening of the accident and the accident would not have occurred except for that negligence on the part of the City of Pittsburgh, then you may properly find that so far as negligence of its own is concerned, the City of Pittsburgh would be answerable to the plaintiff. If the City was negligent but its negligence did not have anything to do with the happening of the accident, then your verdict should be for the defendant, the City. But if its negligence did have

something to do with this accident, did contribute to the happening of the accident, then the next question is what about the plaintiff and his conduct in connection with the accident." The appellant in its brief states "this portion of the Charge is technically correct in defining 'proximate cause' as 'nearest in causal relationship'. It is still correct in saying that the City may be liable if its negligence contributed to the cause of the accident together with some negligence on the part of the driver, although an instruction upon intervening cause might not have been amiss. But it is respectfuly submitted that the failure to state the issue as between the rut and the blow-out was basically misleading and erroneous." With this final conclusion we cannot agree. An examination of the record discloses no testimony to show a blow-out of the tire prior to striking the hole or rut in the street. In fact the weight of the evidence is to the effect that the automobile struck the rut or hole, thereby causing the driver to lose control, causing his foot to miss the brake and hit the accelerator, speeding the car into the pole at the side of the highway, and then the right rear wheel struck the curb, causing the tire to blow out and flatten.

The Court asked the attorneys on both sides if they had any requests for additional charge, or any corrections, and none was stated. No request was made for the additional instruction which appellant now claims should have been given, nor was any specific exception taken to the instructions as given. The appellant may not now complain of the inadequacy of a charge on a particular point when no request to give a more extended charge was presented to the trial court: *Rowles v. Evanuik,* 350 Pa. 64, 72, 38 A. 2d 255. In *Mastel v. Walker,* 246 Pa. 65, at 71, 92 A. 63, we stated: "While the instructions on the measure of damages were somewhat scant, and the adequacy of the charge may be justly criticized in that and, possibly, in other respects, yet, it contains no positive misstatements of law, or anything

tantamount thereto. At the trial, the appellant made no specific objection to any particular part of the charge; moreover, he neither complained of its inadequacy, nor submitted any requests for instructions on the proximate cause of the accident, or upon the measure of damages or the evidence relating thereto. In *Fortney v. Breon,* 245 Pa. 47, we recently said, 'Under such circumstances, the rule is that if an instruction is clearly erroneous on the question of damages, it is ground for reversal, no matter whether specific instructions were requested or not, but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will, as a rule, be deemed a waiver of any objection that might otherwise be made, especially where it is obvious that no harm was done by the matter complained of (*Burns v. Penna. R. R. Co.,* 239 Pa. 207) ; and this rule applies in the present instance.' " In *Klein et ux. v. Weissberg,* 114 Pa. Superior. Ct. 569, at 574, 174 A. 636, it was stated: "Appellant also complains because the trial judge did not give the jury instructions that defendant's negligence must be the *'proximate cause'* of the accident. The lower court points out in its opinion that the trial judge asked both counsel at the conclusion of his charge if they desired him to add or correct anything, and defendant's counsel did not request him to say anything to the jury on 'proximate cause': . . . Furthermore, we doubt the wisdom or advisability of a court's using abstruse legal terms to instruct a jury where their use is not absolutely necessary. 'Proximate cause' means nothing to an ordinary jury, and in most cases an attempt to explain it to them, when not necessary, would only befog the issue." There was no evidence in this case to indicate a tire blowout before striking the rut or the curb, and if the hole in the street brought about such a result, it would still be the proximate negligence causing the injury to the plaintiff, permitting the plaintiff to recover from the City under all the facts produced in this case.

The second reason assigned by the defendant for a new trial was the contradiction in the testimony of the plaintiff at this trial concerning occupation and earnings, as against that given before the Liquor Control Board and at two prior trials of this same case. There was sufficient testimony, if believed by the jury, to sustain the verdict they returned, and there is no complaint by the appellant that the verdict is excessive. Although marked inconsistencies and contradictions appeared in the testimony of the plaintiff, yet, the findings of fact being based on oral testimony, even when parts thereof are inconsistent, the question of credibility is for the jury. So when the plaintiff's testimony at various times, and with which he is confronted, is shown to differ from that offered at the trial and is apparently inconsistent therewith, leaving it uncertain just what his recollection is of the facts respecting which he testifies, it is the province of the jury to reconcile the conflicting statements, or to draw the line between them and say which shall prevail. See *Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway,* 158 Pa. 233, 238, 27 A. 970; *Danko v. Pittsburgh Railways Company,* 230 Pa. 295, 79 A. 511; *Commonwealth v. Alessio,* 313 Pa. 537, 544, 169 A. 764; *Haverkamp et al. v. Sussman,* 317 Pa. 187, 189, 176 A. 206; *Anstine et al. v. Pennsylvania Railroad Company et al.,* 342 Pa. 423, 429, 20 A. 2d 774; *Johnson v. Staples et al.,* 135 Pa. Superior Ct. 274, 280, 5 A. 2d 433. The learned trial judge called the jury's attention to the discrepancies in the testimony of the plaintiff and properly cautioned them as to their duty in passing on its credibility. Under the circumstances, the plaintiff's credibility was for the jury, and not for the court: *Danko v. Pittsburgh Railways Company,* supra. The request for a new trial was properly refused.

Judgment affirmed.