## Smith, Appellant, *v.* Flannery.

Argued November 23, 1955. Before Stern, C. J., Stearne, Jones, Bell, Musmanno and Arnold, JJ.

*John V. Lovitt,* with him *Charles L. Ford* and *Beechwood & Lovitt,* for appellants.

*Michael A. Foley,* with him *Morris Passon,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 4, 1956:

In this case of a right angle collision between two automobiles the question as to who was responsible for the happening of the accident was solely for the jury, and the court should have left it, in whole and not merely in part, to that tribunal for determination.

The accident occurred in the early afternoon of September 2, 1953, at the intersection of 61st Street and Cobbs Creek Parkway in Philadelphia. The intersection is controlled by traffic lights which were in operation at the time of the collision. It was a dry clear day. As is not unusual in such cases the drivers gave diametrically opposite versions as to how the accident happened. According to plaintiff Smith, he was

driving north on 61st Street. Helen Ranson, the owner of the car, sat next to him and on the rear seat was her mother, Helen Russell. Smith testified that he was proceeding on the right-hand side of the street about 8 feet out from the east curb. When he came to within about 30 or 40 feet from the intersection he looked to his right for approaching traffic, but not being able at that point to see all the way down the Parkway because of cars parked along the curb he looked again at 20 feet below the intersection first to his left and then to his right; in the latter direction he said he could see for a distance of 40 yards but saw nothing approaching. The light was then green in his favor and remained so as he entered the intersection. He was more than halfway across when the car driven by defendant Flannery, which came from his right and which he did not see until it was 20 feet away, struck the rear right side of his car, with the result that both vehicles landed on the northwest corner of the intersection. Smith testified that he was crossing at the rate of 23 miles an hour but increased his speed at the last moment in a vain attempt to avoid the impending collision.

Flannery was alone in his car. His story of the accident was that he was driving westwardly on the north side of Cobbs Creek Parkway at a distance of approximately 3 or 4 feet from cars parked along the curb. Approaching the intersection at about 30 miles an hour, when he was some 3 car lengths away from 61st Street the light was green in his favor and he then "coasted" into the intersection. He testified that when he came to the curb line he looked to his left and saw that the street was clear for a distance of at least 3 car lengths below the south curb of the Parkway. The light being still green for him he continued on at a speed of 26 or 27 miles an hour. After he had

proceeded about a car length into the intersection he saw the Smith car which was then halfway across the Parkway coming on an angle in front of him. He applied his brakes and swerved to the right but could not avoid the collision, and he ended up on the northwest corner.

Action against Flannery was brought by Smith to recover damages for the injuries he sustained, by Helen Ranson and her husband for her injuries and for the damage to her car, and by the administrator of the estate of Helen Russell, she having been killed in the accident. Flannery obtained a severance of Smith's action, asserted a counterclaim against him, and brought him in as an additional defendant in the action of the other parties.

As already stated, Smith and Flannery each claimed that he entered the intersection on the green light after having looked and seen nothing, in the one case to the right for a distance of 120 feet and in the other to the left for half the width of Cobbs Creek Parkway and three car lengths beyond. The issue, therefore, was one peculiarly for the jury, but the learned trial judge decided that Smith was guilty of contributory negligence as a matter of law and accordingly not only nonsuited his action against Flannery but also gave binding instructions against him in his capacity as defendant in the Ranson and Russell actions; he also entered a nonsuit in Helen Ranson's action against Flannery because of Smith's negligence being imputed to her as owner present in the car. The jury returned a verdict of $15,500 in favor of Flannery on his counterclaim against Smith, a verdict of $1,000 in favor of Helen Ranson against Smith, and a verdict of $5,500 in favor of the Russell estate against Smith. The court sustained all of these verdicts except the one in favor of Flannery on his counterclaim, as to which it granted

a new trial. Smith has taken the present appeals against the orders entered by the court below against him.

All the complications which developed in the course of the proceedings stem from the erroneous action of the trial court in declaring Smith guilty of contributory negligence as a matter of law. The court apparently labored under several false impressions:—(1) that Smith was proceeding north on the westerly or, as to him, wrong side of 61st Street, but his testimony was distinctly to the contrary and was confirmed by Flannery's own statement that the collision occurred when he, Flannery, had proceeded but a car length into 61st Street; (2) that the collision occurred at the northwest corner of the intersection, but the testimony is clear that it was only as a result of the collision that the two cars landed at the northwest corner; (3) that Smith was negligent because, as he testified, he looked to his right, not when he was at the intersection, but at a distance of 20 feet therefrom or 5 feet below the houseline, the sidewalks of Cobbs Creek Parkway being 15 feet in width. Smith's statement, however, as to the 20 feet was necessarily but an estimate or approximation and as such was counterbalanced and outweighed by his further testimony that he could and did see down the Parkway for a distance of 120 feet before he entered the intersection with the green light in his favor, which shows that he must have been at least up to the houseline or he could not have seen down the Parkway at all. But even if there was any discrepancy in his testimony it was for the jury to reconcile the statements. In *Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway*, 158 Pa. 233, 27 A. 970, where the facts in this regard were strikingly similar to those here present, Mr. Justice MITCHELL, speaking of the plaintiff's testimony, said (pp. 237, 238, A. p.

971) : "This testimony was contradictory, and the net result of it by no means clear. On part of it he was plainly entitled to go to the jury, on the other part equally plainly he was not. Under these circumstances the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail. Had the testimony referred to a subject as to which the burden of proof was on the plaintiff, the result might have been different, for the court is not entitled to submit evidence which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it. But in cases like the present, the plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it. Unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption against it, and so likewise where the evidence is conflicting as it was here." Subsequent cases reiterating the principle thus enunciated are legion in number.[1]

---

[1] Examples:—*Glase v. Philadelphia*, 169 Pa. 488, 491, 492, 32 A. 600, 601; *Cronmuller v. Evening Telegraph*, 232 Pa. 14, 17, 81 A. 58, 59; *Haas v. Erie Railroad Company*, 254 Pa. 235, 239, 98 A. 867, 868; *Martin v. Southern Pennsylvania Traction Company*, 261 Pa. 96, 98, 99, 100, 104 A. 397, 398; *Milligan v. Philadelphia & Reading Rwy. Co.*, 261 Pa. 344, 349, 104 A. 657, 658; *Slife v. Borough of Dorranceton*, 262 Pa. 182, 105 A. 39; *Giles v. Bennett*, 298 Pa. 158, 163, 164, 148 A. 90, 91, 92; *Ingram v. Pittsburgh*, 350 Pa. 344, 349, 39 A. 2d 49, 50, 51; *Cheslock v. Pittsburgh Railways Co.*, 363 Pa. 157, 161, 162, 69 A. 2d 108, 110, 111; *Kozak v. Philadelphia Rapid Transit Co.*, 92 Pa. Superior Ct. 574, 579, 580; *Van Ronk v. Holland Laundry, Inc.*, 111 Pa. Superior Ct. 529, 533, 170 A. 470, 471; *Brungo v. Pittsburgh Railways Co.*, 132 Pa. Superior Ct. 414, 417, 200 A. 893, 895; *Shields v. Neff*, 133 Pa. Superior Ct. 289, 293, 294, 2 A. 2d 622, 624; *Johnson v. Staples*, 135 Pa. Superior Ct. 274, 280, 281, 5 A. 2d 433, 436; *Robinson v. Ondack*, 151 Pa. Superior Ct. 45, 48, 29 A. 2d 366, 367; *Weismiller v. Farrell*, 153 Pa. Superior Ct. 366, 370, 34 A. 2d 45, 47.

It is argued that Smith was negligent in that he did not continue to look to the right while crossing the intersection, but Cobbs Creek Parkway is a two way highway and his observation was properly directed to the left while crossing the southern half, that being the direction from which eastbound traffic would approach; it was when he crossed the center line and looked to the right for westbound traffic that he saw the Flannery car 20 feet away.

The court was not satisfied with the verdict in favor of Flannery on his counterclaim against Smith because it came to the conclusion that it had erred in its charge on the subject of Flannery's contributory negligence.[2] It therefore granted a new trial for the determination of that one question. But its erroneous decision that Smith was guilty of contributory negligence as a matter of law permeated the entire proceedings and necessarily vitiated the results reached in each and all of the actions, which accordingly must be retried.

The orders of the court are reversed and new trial granted in *all* of the actions.

---

[2] The court charged that Flannery had the right of way because he came from the right, but that provision of the statute cannot be applied to an intersection which is controlled by traffic lights.