## Strong et al. *v.* Jarka Corporation of Philadelphia, Appellant.

Argued January 11, 1935.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ward C. Henry,* of *Swartz, Campbell & Henry,* for appellant.

*George H. Detweiler,* with him *Samuel H. Coplin,* for appellee.

PER CURIAM, February 4, 1935:

Defendant appeals from judgment on the verdict against it in an action brought by plaintiff to recover for personal injuries.

Plaintiff Thomas Strong was employed in cleaning tanks used for transporting liquid cargo, on a vessel lying alongside a pier in the Delaware River at Philadelphia. Defendant corporation was loading a cargo of matches on the vessel through the hatch in the upper deck, which was directly over the hatch in the middle deck, opening to the deck below. The cargo was being stowed on the middle deck, the hatch of which was covered with heavy planks laid across the opening. The matches were loaded on trays on the dock, swung out to the ship by steam winch and derrick over the open hatch in the upper deck and lowered to the hatch-covering on the deck below, where the tray was seized by employees of defendant, moved to the place of storage, disconnected, and an empty tray attached to the derrick and returned to the dock. At the time the accident occurred, plaintiff was working on the lowest of the ship's three decks, immediately below the covered hatch in the middle deck. As an empty tray was being returned to the dock from the ship's hold, due to improper handling it dislodged one of the planks covering the hatch in the middle deck, causing it to fall through to the deck below, striking plaintiff on the back and inflicting the injury upon which this action is based. The testimony clearly showed negligence in the handling of the tray by defendant's employees.

Defendant's statement of questions involved entirely concerns the sufficiency of the evidence, but we find nothing in the record or the argument suggesting error in the refusal of the court below to enter judgment non obstante veredicto as requested. Defendant contends it was an impossibility for the accident to have happened as described. On examination of the whole record, we agree with the opinion of the court in banc that, "Nothing about the accident described by plaintiff's witnesses is

contrary to human experience or to the laws of nature, or such as to be incredible." As to contradictions in evidence, the opinion correctly states: "Counsel also argues that plaintiff's own witnesses have contradicted each other. Many of the contradictions pointed out are on unimportant matters and do not affect the main facts. . . . Even contradictions on vital points would not justify the entry of judgment non obstante veredicto, for . . . where on one part of a plaintiff's evidence there is a case for the jury and on another part there is no case for the jury, the burden of reconciling the testimony and determining the true facts is for the jury, under proper instructions from the court." See Havercamp et al. v. Sussman, 317 Pa. 187; Adams v. Gardiner, 306 Pa. 576, 585.

No other questions are properly before us on the record. The judgment of the court below is affirmed.